IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, et al.,*

    Plaintiffs and Counter-Defendants*

v.                               *     Civil Action No. L01-3809

NADIF OF WYNDHOLME, LLC, et al.,*

    Defendants and Counter-Plaintiffs*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MOTION TO RECONSIDER COURT'S RETURN OF PAPER NO. 45</u>

Now come the Plaintiffs/Counter-Defendants, Wyndholme Village, LLC, James M. Lancelotta, and Katherine A. Lancelotta, by and through their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state:

1.     On March 17, 2003, Plaintiffs/Counter-Defendants filed a Motion to Compel Defendant Stuart C. Fisher to Answer Interrogatories and to Appear at Deposition, both of which he refused to do.

2.     On March 20, 2003, the Court returned (Paper # 45) this Motion on the ground that it failed to comply with Local Rule 104.8. Local Rule 104.8 provides:

> The following procedure shall be followed in litigating motions to compel answers to interrogatories and requests for production or entry upon land as to which a response has been served.  **This procedure shall not govern motions to compel (a) answers to interrogatories or to requests for production or entry upon land where no responses at all have been served, (b) answers to deposition questions** or (c) responses to discovery requests directed to a non-party.  Such latter motions shall be filed with the Court and treated as any

non-discovery motion, except that, as to disputes concerning discovery directed to a non-party, unless otherwise directed by the Court, the Court will not consider the motion until a conference has been held under L.R. 104.8.b and a certificate has been filed under L.R. 104.8.c. (Emphasis added.)

3. Local Rule 104.8, by its terms, does not govern the instant Motion, given Fisher's failure to provide any answers to interrogatories or appear at deposition.

WHEREFORE, for the foregoing reasons and those stated in the original Motion to Compel Defendant Stuart C. Fisher to Answer Interrogatories and to Appear at Deposition, Plaintiffs/Counter-Defendants request the Court to reconsider its return of the Motion in question (Paper No. 45).

                                                Howard J. Schulman
SCHULMAN & KAUFMAN, LLC
One Charles Center
100 N. Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiffs and
Counter-Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March , 2003, copies of the foregoing Notice of Service were sent via ECF to William C. Sammons, Esquire, Stephen M. Goldberg, Esquire, Tydings & Rosenberg, LLP, 100 E. Pratt Street, 26th Floor, Baltimore, Maryland 21202, attorneys for Defendants and Counter-Plaintiffs, and via first-class mail, postage prepaid, to Stuart C. Fisher, 173 Root Trail, Palm Beach, Florida 33480.

Howard J. Schulman