IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, et al.,*

    Plaintiffs and Counter-Defendants*

v.                                 *       Civil Action No. L01-3809

NADIF OF WYNDHOLME, LLC, et al.,*

    Defendants and Counter-Plaintiffs*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MOTION PURSUANT TO LOCAL RULE 104.8 TO COMPEL
DEFENDANT, STUART C. FISHER, TO RESPOND TO
<u>PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Now come the Plaintiffs/Counter-Defendants, Wyndholme Village, LLC, James M. Lancelotta, and Katherine A. Lancelotta, by and through their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state:

    1.    Local Rule 104.8 provides that a motion to compel production of documents may be filed in the first instance where a party fails to answer requests for production of documents. More specifically, Local Rule 104.8 exempts a party in such a circumstance from the ordinary motions practice in which the parties exchange discovery motions before filing them with the Court. Local Rule 104.8 provides in pertinent part:

> The following procedure shall be followed in litigating motions to compel answers to interrogatories and requests for production or entry upon land as to which a response has been served. **This procedure shall not govern motions to compel (a) answers to interrogatories or to requests for production or entry upon land where no responses at all have been served, (b) answers to deposition questions** or

(c) responses to discovery requests directed to a non-party. Such latter motions shall be filed with the Court and treated as any non-discovery motion, except that, as to disputes concerning discovery directed to a non-party, unless otherwise directed by the Court, the Court will not consider the motion until a conference has been held under L.R. 104.8.b and a certificate has been filed under L.R. 104.8.c. (Emphasis added.)

2. On October 11, 2002, Plaintiffs served Defendant, Stuart C. Fisher, with a Request for Production of Documents. To date, Defendant Fisher has yet to respond.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request the Court to order Defendant Fisher to respond to Plaintiffs' Request for Production of Documents by on or before April 28, 2003.

                                        Howard J. Schulman
                                        SCHULMAN & KAUFMAN, LLC
                                        One Charles Center
                                        100 N. Charles Street, Suite 600
                                        Baltimore, Maryland  21201
                                        (410) 576-0400
                                        Attorneys for Plaintiffs and
                                        Counter-Defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of April , 2003, a copy of the foregoing Motion Pursuant to Local Rule 104.8 to Compel Defendant, Stuart C. Fisher, to Respond to Plaintiffs' Request for Production of Documents was mailed first-class, postage prepaid, to Stuart C. Fisher, 173 Root Trail, Palm Beach, Florida 33480.

_____

Howard J. Schulman