# Schulman & Kaufman, LLC
Attorneys at Law
One Charles Center
100 N. Charles Street, Suite 600
Baltimore, Maryland 21201
_____

Howard J. Schulman
Joseph S. Kaufman

Tel. (410) 576-0400
Fax: (410) 576-0544

April 11, 2003

The Honorable Benson E. Legg
United States District Court
    for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

        RE:    Wyndholme Village, LLC, et al.
                  v. NADIF of Wyndholme, LLC, et al.
                  Civil Action No.: 01-3809

Dear Judge Legg:

    Please consider this Plaintiffs' status report and a request for a tentative three-month extension of the discovery and motions deadlines because of Defendant Fisher's refusal to produce written discovery and to appear at deposition. This is the second request for an extension. The first extension was requested on December 16, 2002 and granted before it became apparent that Fisher would not cooperate in discovery.

    Fisher, as reflected in the complaint, is a central character and defendant in this case. Among other things, the complaint alleges that:

> [Defendant] Fisher, in the presence of Quinn and Zukerman, told Lancelotta that the three of them were successful and reputable developers and were principals of North American Doctors Investment Fund, which Fisher told Lancelotta had assets in excess of $500 million. Fisher told Lancelotta that North American Doctors Investment Fund would be able to obtain the millions of dollars required to pay off the existing debt and to finance the completion of the project. Fisher also told Lancelotta that if NADIF could not obtain financing from a third party, NADIF had more than enough assets to make the loan itself. Fisher told Lancelotta that North American Doctors Investment Fund always operated through single purpose subsidiaries, which, in this case, would be NADIF. Fisher described to Lancelotta his role in North American Doctors Investment Fund and NADIF as that of being the

The Honorable Benson E. Legg
April 11, 2003
Page 2

>rainmaker for investment funds, that Quinn was a successful and highly regarded real estate developer and that Zukerman brought with him particularized financial expertise in implementing financing for projects such as Wyndholme.

*See* Complaint, ¶ 12.

On August 19, 2002, Plaintiffs propounded interrogatories to Defendant Fisher for the purpose of ferreting out his background and the assets of The North American Doctors Investment Fund, Inc. Those interrogatories remain unanswered. On approximately October 11, 2002, Plaintiffs propounded a supplemental set of interrogatories to Fisher. Those also remain unanswered. On October 3, 2002, the Court granted the motion of Tydings & Rosenberg, LLP to withdraw as counsel for Fisher. Tydings & Rosenberg, LLP continues to represent the other Defendants in this case.

Plaintiffs served Fisher with a third set of interrogatories on January 28, 2003, which has also gone unanswered. Those interrogatories were also directed at the assets of NADIF and The North American Doctors Investment Fund, Inc.

On February 4, 2003, Plaintiffs noted Stuart Fisher's deposition for February 19, 2003. Mr. Fisher contacted me shortly after his deposition had been noted and advised that he would not be appearing. February 19, 2003, however, was the day after President's Day and the monumental snowstorm that struck this area and other areas along the East Coast. We thereafter noted Mr. Fisher's deposition for March 14, 2003. Again, Mr. Fisher advised that he would not appear and that he was moving to Ireland and would be gone by the time of the deposition. Motions are pending on these discovery matters.

The other Defendants in this case contend they do not know what assets "The NADIF Group" or North American Doctors Investment Fund had.[1] We believe only Mr. Fisher can address the issue of what assets, if any, North American Doctors Investment Fund, Inc. or NADIF had. Although I have done a relatively extensive investigation of Mr. Fisher's background and believe that NADIF and North American Doctors Investment Fund, Inc. had no assets, I am unable to establish this fact without discovery for Fisher and more time for investigation.

I should note that Mr. Sammons has advised that Mr. Fisher recently contacted Mr. Goldberg and advised that he would be willing to submit to a telephone deposition. Nonetheless, this leaves Plaintiffs unable to conduct the examination without the benefit of other discovery and the use of documents to question this important witness whom I expect to be evasive.

---

[1] Mr. Zukerman canceled his April 17, 2003 deposition. It is being rescheduled for April 25, 2003 or the week thereafter.

The Honorable Benson E. Legg
April 11, 2003
Page 3

    On behalf of the Plaintiffs, I suggest that the discovery and motions deadlines be extended by three months, subject to a status report. This would provide the Court time to order that discovery be produced and Fisher appear at deposition. Thus, the discovery deadline would be extended to July 18, 2003, requests for admissions to July 25, 2003 and dispositive motions to August 21, 2003.

    Defendants' position is that they oppose the three-month extension but are amenable to a two-week extension to complete those depositions already noted by both Plaintiffs and Defendants which could not be completed because of scheduling complications. This would extend the discovery deadline to May 2, 2003, requests for admissions to May 9, 2003 and dispositive motions to June 4, 2003.

    Thank you.

                                          Very truly yours,

                                          Howard J. Schulman

HJS/hrk
cc:  William C. Sammons, Esquire, *via ECF*
      Stephen M. Goldberg, Esquire, *via ECF*
      Mr. Stuart C. Fisher
      Mr. James M. Lancelotta

SCHULMAN & KAUFMAN, LLC
One Charles Center - Suite 600
100 N. Charles Street
Baltimore, Maryland 21201

 

The Honorable Benson E. Legg
United States District Court
    for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

SCHULMAN & KAUFMAN, LLC
One Charles Center - Suite 600
100 N. Charles Street
Baltimore, Maryland 21201

                                        William C. Sammons, Esq.
                                        Stephen M. Goldberg, Esq.
                                        Tydings & Rosenberg, LLP
                                        100 E. Pratt Street
                                        Baltimore, MD 21202

SCHULMAN & KAUFMAN, LLC
One Charles Center - Suite 600
100 N. Charles Street
Baltimore, Maryland 21201

                                          Mr. Howard "Rusty" Zukerman
                                          62 Terryhands Lane
                                          Syosset, NY 11791

SCHULMAN & KAUFMAN, LLC
One Charles Center - Suite 600
100 N. Charles Street
Baltimore, Maryland 21201

 

                                                Mr. James M. Lancelotta
                                                Jlance Construction, Inc.
                                                5241 Frederick Road
                                                Baltimore, MD 21229