| | |
|---|---|
| ATTORNEYS AT LAW<br>**TYDINGS & ROSENBERG** LLP | 100 EAST PRATT STREET<br>BALTIMORE MARYLAND 21202<br>410/752-9700<br>FAX 410/727-5460<br>WASHINGTON DC OFFICE<br>202/296-1642<br>FAX 202/828-4130 |

**William C. Sammons**
410/752-9706
wsammons@tydingslaw.com

April 21, 2003

*By ECF*

Honorable Benson Everett Legg
United States District Court
    for District of Maryland
U.S. Court House
101 West Lombard Street
Baltimore, Maryland  21201

        Re:    Wyndholme Village, LLC, et al. v.
                  NADIF of Wyndholme, LLC, et al.
                  Civil No. L01-3809

Dear Judge Legg:

      I am writing to respond, on behalf of defendants NADIF of Wyndholme, LLC, WVI, LLC, and John R. Quinn, to the report embodied in Mr. Schulman's letter to you of April 11, 2003 and, in particular, to his request that the discovery deadline, and other dates driven by that deadline, be extended for three months.

      The principal reason given by Mr. Schulman for the requested extension is his professed need to take discovery of defendant Stuart Cornelius "Neil" Fisher.  Mr. Schulman argues that he needs to take Mr. Fisher's deposition to learn more about the financial wherewithal of "North America Doctors Investment Fund," an organization that, according to the complaint, Mr. Fisher touted as having sufficient resources to fund the Wyndholme Village project.

#338295

Honorable Benson Everett Legg
April 21, 2003
Page 2

Mr. Schulman's request to extend discovery for three months so that Mr. Fisher can be deposed about North America Doctors Investment Fund should be denied for at least two reasons.

First, as Mr. Schulman acknowledges in his letter to you, Mr. Fisher has offered to make himself available for a telephone deposition. He has also offered to receive and review any documents that the parties wish to send him prior to the conduct of that deposition. As far as I know, that offer still stands. While Mr. Schulman has rejected Mr. Fisher's proposal, my clients are receptive to the proposal assuming it is still open. Our intention is to try to schedule Mr. Fisher's deposition in the next few weeks. A lengthy extension for the sole purpose of taking that deposition should not be necessary.

Second, if Mr. Schulman's principal purpose in taking the Fisher deposition is, as stated in his letter, to develop facts regarding the financial wherewithal of North America Doctors Investment Fund, the Court should know that, based on the record developed to date in this case, that information has little, if any, bearing on this case. Although the complaint alleges that Mr. Lancelotta relied on Mr. Fisher's representations regarding the assets of North America Doctors Investment Fund, the record demonstrates without question that he did not. The record reveals (a) that Mr. Lancelotta knew that Mr.

#338295

Honorable Benson Everett Legg
April 21, 2003
Page 3

Fisher's initial source of funds was to be a New York investor, Philip Pilevsky, whose assets and wherewithal have not been challenged in this case; (b) that when Mr. Pilevsky decided not to do the deal, another lender (Gotham Partners LP, a New York-based hedge fund), stepped in and, consistent with the parties' agreement, infused more than $2.5 million in the project; and (c) that, while early drafts of the parties' agreement did call for the possibility of some funding by sources arguably related to North America Doctors Investment Fund, the final document (negotiated by the parties with counsel, and approved by the bankruptcy court) expressly did not.  In short, the deal had changed by the time the parties signed their agreement, and any discussions about "North America Doctors Investment Fund" had been mooted by time and events.

      Although we recognize that all of these issues are the subject of proof, the point is that whether North America Doctors Investment Fund did or did not have sufficient assets to fund the project when Mr. Fisher first met Mr. Lancelotta (and assuming, arguendo, that Mr. Fisher made representations that it did), is simply not relevant to the case in light of subsequent events.  Mr. Lancelotta was not relying on funding from North America Doctors Investment Fund, at least by the time that the business deal was memorialized in writing.  Mr. Fisher's deposition for the purpose of developing information regarding that fund, then, is not necessary.

#338295

Honorable Benson Everett Legg
April 21, 2003
Page 4

Having said that, however, Mr. Fisher has apparently agreed to make himself available by telephone and, for that reason alone, the three-month extension is not necessary.

My clients oppose any lengthy extension. We can agree, as Mr. Schulman's letter makes clear, to a short extension to permit the parties to complete discovery already noticed, and that can include Mr. Fisher. We suggest an extension of no more than one month – and that the extra time be used only for depositions already noticed and Mr. Fisher.

We would welcome the opportunity to discuss these issues with the Court if that would be helpful to a prompt resolution.

Thank you for your consideration and attention to this matter.

            Respectfully yours,


            William C. Sammons

WCS/gm
cc: Howard J. Schulman, Esquire, *via ECF*
   Howard "Rusty" Zukerman
   Stuart Cornelius "Neil" Fisher

#338295

Honorable Benson Everett Legg
April 21, 2003
Page 5


Howard J. Schulman, Esquire
Schulman & Kaufman, LLC
One Charles Center
100 North Charles Street
Suite 600
Baltimore, Maryland 21201


Howard "Rusty" Zukerman
62 Terrehans Lane
Syosset, New York 11791

Stuart Cornelius "Neil" Fisher
173 Root Trail
Palm Beach, Florida  33480

#338295