IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, *et al.*,   *

   Plaintiffs   *

v.   *   CIVIL ACTION NO.:  01-3809

NADIF OF WYNDHOLME, LLC, *et al.*,   *

   Defendants   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MOTION FOR ATTACHMENT BEFORE JUDGMENT
OR, IN THE ALTERNATIVE,
FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION FREEZING DEFENDANTS' ASSETS

Now come the Plaintiffs, Wyndholme Village, LLC, James M. Lancelotta, and Katherine A. Lancelotta, by and through their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state:

1.   This Motion seeks an attachment before judgment and, more specifically, a writ of garnishment of property other than wages as to the property and credits, matured or unmatured, in possession of the Defendants and/or various individuals or, in the alternative, a temporary restraining order and a preliminary injunction freezing assets of the Defendants under Fed.R.Civ.P. 65.

2.   On December 3, 2002, Stephen McBride and Stephen M. Goldberg,

Substitute Trustees, purporting to act on the authority of Defendant NADIF of Wyndholme, LLC pursuant to a deed of trust, sold real property owned by Wyndholme Village, LLC to Leeds Federal Savings Bank at a foreclosure sale for $1.4 million, in the foreclosure proceedings styled, *Stephen Mc Bride v. Wyndholme Village, LLC*, pending in the Circuit Court for Baltimore City, Case No. 24-0-02-004266 FC, for the property known as and including, but not limited to, 5205 and 5241 Frederick Road, both located in Baltimore City, Maryland.  By order dated April 18, 2003 (entered April 22, 2003), the Circuit Court for Baltimore City ratified the sale.  Leeds Federal Savings Bank thereby has monies in its possession owed to NADIF of Wyndholme, LLC and possibly other Defendants.  This Motion seeks a pre-judgment garnishment of the proceeds from that sale in possession of (a) Defendants NADIF of Wyndholme, LLC, WVI, LLC, Stuart Cornelius "Neil" Fisher, John R. "Jack" Quinn, and Howard "Rusty" Zukerman, (b) Substitute Trustees Stephen M. Goldberg, 100 E. Pratt Street, Baltimore, Maryland 21202, and Stephen McBride, (H) 7305 Church Hill Road, McLean, Virginia 22101, (W) 9001 Congressional Court, Potomac, Maryland 20854,  (c) Leeds Federal Savings Bank, 1101 Maiden Choice Lane, Baltimore, Maryland 21229, and (d) Robert J. Brannan, Esquire, Moore, Carney, Ryan and Lattanzi, LLC, 4111 E. Joppa Road, Suite 201, Baltimore, Maryland 21236-2288.

On information and belief, Plaintiffs anticipate that the escrow and/or settlement officer will be Robert J. Brannan, Esquire.

3.  Maryland Courts and Judicial Proceedings Article, § 3-302 provides that a Maryland court of law, acting within its jurisdiction, may issue an attachment at the commencement of an action or while it is pending against any property or credits, whether matured or unmatured, belonging to the debtor upon the application of the plaintiff in the action. Maryland Cts. & Jud. Proc. Art., § 3-303(b), § 3-304(a) provide that an attachment before judgment may issue where the debtor is a non-resident individual or corporation which has no Resident Agent in this State, and is a person over whom the Court could exercise personal jurisdiction under Cts. & Jud. Proc. Art., § 6-103 (Maryland long arm statute). Additionally, Cts. & Jud. Proc. Art., § 3-303(d), § 3-304(a) provide that an attachment before judgment may issue if the debtor is about to abscond from the State. The Writ requested herein is also authorized by Md. Rule 2-115(c) and Fed.R.Civ.P. 64. This Court, as would the Maryland courts, has equitable powers to prevent the Defendants from removing their assets from this Court's control and supervision until a final adjudication of this case.

4.  Defendant NADIF of Wyndholme, LLC ("NADIF") is a Florida Limited Liability Company with a last known place of business at 164 Seminole

3

Avenue, Palm Beach, Florida 33480.  WVI, LLC is a Delaware Limited Liability Company with a last known place of business at 1930 Isaac Newton Square, West, Suite 207, Reston, Virginia 20190.  Defendant Stuart Cornelius "Neil" Fisher is a resident of the State of Florida with a last known address of 164 Seminole Avenue, Palm Beach, Florida 33480.  Defendant John R. "Jack" Quinn is a resident of the State of New York with a last known address of 17 Hollow Way, Glen Cove, Long Island, New York 11542.  Defendant Howard "Rusty" Zukerman is a resident of the State of New York with a last known address of 62 Terrehans Lane, Syosset, New York 11791.

5.     The affidavits and exhibits establish that Defendants are non-resident entities and individuals who will abscond with the proceeds of the sale without judicial intervention.  The Defendants, NADIF of Wyndholme, LLC and WVI, LLC, are shell entities, neither of which is registered to do business in Maryland.  Plaintiffs have established a *prima facie* case of fraud in the inducement.   NADIF of Wyndholme, LLC is owned by fictitious entities and is managed by Fisher, Quinn and Zukerman, who can be expected to abscond and secret the money based on the facts set forth in paragraphs 6 through 10 below.

6.     On September 8, 1999, Defendant Zukerman was indicted on eight counts of tax fraud in *United States of America v. Zukerman* (Case No. 99-CR-836

(E.D. N.Y.) (Uniondale)) and pled guilty to four of the counts on April 30, 2001. At present, Defendant Zukerman has IRS and New York State tax liens levied against him in amounts totaling $327,110. On April 16, 2002, Defendant Zukerman was also indicted in *United States of America v. Hundley, et al.* (Case No. 02-CR-441-5 (S.D. N.Y.) (White Plains)), related to using straw and shell entities to defraud five financial institutions of $42.4 million and tax evasion. Pursuant to 18 U.S.C. § 982, the Government seeks in the indictment to hold Zukerman and his five co-defendants jointly and severally liable for the $42.5 million and the forfeiture of all personal assets to the extent of the $42.5 million. Superseding indictments were subsequently filed on July 11, 2002 and November 21, 2002. This case is still pending.

7.   On May 19, 1994, Quinn filed a Voluntary Petition under Chapter 7 in the United States Bankruptcy Court for the Southern District of Florida (Case No. 94-21941) by which, on August 14, 1997, he discharged approximately $2.8 million in debt, including an IRS lien in the amount of $1,792,546.11. On August 17, 2000, Quinn filed a Voluntary Petition under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria) (Petition No. 00-13441), by which, on December 12, 2000, he discharged $3,810,519.53 in debt, including New York State and IRS tax claims totaling $2,727.268.69. Quinn

has not filed a federal tax return in over five years. Quinn has no real or personal property or assets in his own name. Quinn at present holds himself out as having no assets, income or visible support other than the charity of his son, John J. Quinn.

8. On August 14, 1995, Fisher filed a Voluntary Petition under Chapter 7 in the United States Bankruptcy Court for the Eastern District of New York (Brooklyn) (Petition No. 95-16927). Among the $16,649,806.05 in total liabilities, Fisher listed $2.4 million owed to the Internal Revenue Service and $175,000 to the State of Virginia Department of Taxation. On August 20, 2001, Fisher again filed a Voluntary Petition under Chapter 7, albeit in the United States Bankruptcy Court for the Middle District of Florida (Gainesville) (Petition No. 01-00539), and was discharged on December 20, 2001. Fisher listed a $1,028,228.48 claim by the Internal Revenue Service of the total $1,053,928.48 in liabilities.

9. Defendant Fisher has no real or personal property or assets titled in his own name. Fisher maintains all business assets in the name of his wife, Tamara J. Fisher, in single purpose entity corporations and limited liability companies, such as, for example, 1060 Brickell Partners, LLC, One Harborview, Inc. (formerly NADIF of Florida, Inc.) and Harbor Holdings, Inc. (formerly NADIF of Inner Harbor, Inc.).

10. Neither Fisher nor Quinn listed their respective interests in the instant transaction, 1060 Brickell Avenue Venture, LLC or in the Baltimore Harbor venture as assets in their bankruptcy filings in Case Nos. 00-13441 and 01-00539. Fisher, Quinn and Zukerman have secreted their assets, as set forth herein, for purposes of hiding them from the Bankruptcy Courts, the Internal Revenue Service and other creditors.

11. Plaintiffs incorporate by reference the exhibits in support of the Motion for Attachment Before Judgment (filed October 29, 2001) before removal in the Circuit Court for Baltimore City (Paper No. 8):

> Exhibit A: Affidavit of James M. Lancelotta.
>
> Exhibit B: Affidavit of Counsel
>
> Exhibit C: August 4, 1999 Transcript
>
> Exhibit D: September 21, 1999 Transcript
>
> Exhibit E: January 11, 2000 Transcript.

12. Plaintiffs also rely upon the following:

> Florida Department of State filings for the following entities:
>
> > 1060 Brickell Partners, LLC
> > Brickell Realty Investors, LLC
> > Inner Harbor Holdings, Inc.
> > NADIF of Wyndholme, LLC
> > One Harbor View, Inc.

      Palm Realty Ventures, LLC
      Plaza of Sarasota, LLC

Excerpts of deposition transcript of Curtis Coon

Excerpts of deposition transcript of Howard Rubenstein

Excerpts of deposition transcript of Stephen McBride

Excerpts of deposition transcript of John R. Quinn

Excerpts of deposition transcript of Stephen Garchik

Excerpts of deposition transcript of James Lancelotta

Docket Sheet and Excerpts from Zukerman Criminal Case No. 99:99cr00836-all

Docket Sheet and Excerpts from Zukerman Criminal Case No. 02-CR-441-5

Federal Tax Lien of Howard Zukerman, 11/30/2001

Bankruptcy Case of John R. Quinn Case No. 00-13441

Bankruptcy Case of John R. Quinn Case No. 94-21941

Bankruptcy Case of Stuart C. Fisher Case No. 01-00539GVL1

Excerpts from Bankruptcy Case of Stuart C. Fisher Case No. 95-16927-352

Stephen Garchik Deposition Exhibit No. 4

    WHEREFORE, for the aforementioned reasons, Plaintiffs respectfully request that this Court issue an attachment before judgment in this case and, more

specifically, a writ of garnishment of property other than wages, as to the property and credits, matured or unmatured, belonging to the Defendants, NADIF of Wyndholme, LLC , WVI, LLC, Stuart Cornelius "Neil" Fisher, John R. "Jack" Quinn and Howard "Rusty" Zukerman in possession of Defendants NADIF of Wyndholme, LLC , WVI, LLC, Stuart Cornelius "Neil" Fisher, John R. "Jack" Quinn and Howard "Rusty" Zukerman, (b) Substitute Trustees Stephen Goldberg, 100 E. Pratt Street, Baltimore, Maryland 21202, and Stephen McBride, (H) 7305 Church Hill Road, McLean, Virginia 22101, (W) 9001 Congressional Court, Potomac, Maryland 20854,  (c) Leeds Federal Savings Bank, 1101 Maiden Choice Lane, Baltimore, Maryland 21229 , and (d) Robert J. Brannan, Esquire, Moore, Carney, Ryan and Lattanzi, LLC, 4111 E. Joppa Road, Suite 201, Baltimore, Maryland 21236-2288.

                                                                    _____
HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland  21201
(410) 576-0400
Attorneys for Plaintiffs/
Counter-Defendants

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 23rd day of April, 2003, a copy of the foregoing Motion for Attachment Before Judgment or, In the Alternative, For Temporary Restraining Order and Preliminary Injunction Freezing Defendants' Assets was mailed first-class, postage prepaid, to Stuart C, Fisher, 173 Root Trail, Palm Beach, Florida 33480.

_____
HOWARD J. SCHULMAN