IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WYNDHOLME VILLAGE, LLC, et al., | * |
| Plaintiffs and Counter-Defendants | * |
| v. | *   Civil Action No. L01-3809 |
| NADIF OF WYNDHOLME, LLC, et al., | * |
| Defendants and Counter-Plaintiffs | * |

\* \* \* \* \* \* \* \* \* \* \* \*

REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION TO AMEND COMPLAINT</u>

Now come Plaintiffs, Wyndholme Village, LLC, James M. Lancelotta and Katherine A. Lancelotta, by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state as follows:

Defendants, principally NADIF of Wyndholme, LLC and WVI, LLC, cry foul over Plaintiffs' request to amend the Complaint while conveniently ignoring that the architect of NADIF of Wyndholme, LLC and WVI, LLC, Stuart C. Fisher, has absconded from this litigation. Also noticeably absent is any contention about when Plaintiffs should have discovered the fraud, i.e., before or after the liens were perfected. Defendants state that Plaintiffs' Motion is silent on the issue of good cause. Clearly, Plaintiffs have stated in their Motion, ¶ 2, that the Amended Complaint adds three new counts on the same substantive allegations. There is no

need for a memorandum, and the Motion does not violate Local Rule 105.1. The only thing that is new is the request for equitable relief, given that it has become readily apparent that Plaintiffs will have no adequate remedy at law, as evinced by the track record of Fisher, Quinn and Zukerman, as set forth in detail in Plaintiffs' Motion for and Memorandum in Support of Attachment Before Judgment or, In the Alternative, for Temporary Restraining Order and Preliminary Injunction freezing Defendants' Assets (Paper No. 54 and supporting affidavits). Defendants' strategy in opposing the amendment is to let Plaintiffs have a meaningless judgment against shell entities and three individuals without any measurable assets or ability to pay any judgment. It is also important to note that Plaintiffs did not learn until two months ago and, in particular, during the deposition of Mr. Quinn on March 14, 2003 that NADIF of Wyndholme, LLC was a front for fictitious entities, which apparently have as their end the secreting of assets. Defendants' other objections are really veiled motions for summary judgment.

Defendants raise the issue that rescission of the August 31, 1999 agreement would cast a cloud on the foreclosure sale to Leeds Federal. Plaintiffs agree that they should not be permitted to challenge in this case the foreclosure sale to Leeds Federal. Indeed, that foreclosure sale is presently being challenged in state court. What this Court may do, however, in the exercise of its equitable powers is to rescind the agreement for any indebtedness to NADIF of Wyndholme, LLL and

WVI, LLC  beyond the foreclosure sale.  These Defendants cannot claim prejudice because the fraud was not known until after the transaction was consummated by the parties and Plaintiffs received the monies.

_____
HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland  21201
(410) 576-0400
Attorney for Plaintiffs and
Counter-Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2003, a copy of the foregoing Reply Memorandum in Support of Motion to Amend Complaint was mailed first-class, postage prepaid, to Stuart C. Fisher, 173 Root Trail, Palm Beach, Florida 33480.

_____
HOWARD J. SCHULMAN