IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WYNDHOLME VILLAGE, LLC,** *et al.* | * |
|     **Plaintiffs and Counterdefendants** | * |
|     v. | *    **CIVIL ACTION NO. L01-3809** |
| **NADIF OF WYNDHOLME, LLC,** *et al.* | * |
|     **Defendants and Counterplaintiffs** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant, Howard "Rusty" Zukerman ("Zukerman"), by his undersigned counsel, files this memorandum in support of his motion to dismiss the complaint brought against him by the plaintiffs, James Lancelotta, Katherine Lancelotta, and Wyndholme Village, LLC ("Wyndholme") in the above case.[1]  As amplified below, dismissal is appropriate because the complaint fails to state a claim upon which relief can be granted.

### ARGUMENT

The plaintiffs' complaint purports to state a cause of action for fraud against several defendants, including Zukerman, claiming that the defendants made various false representations to the plaintiffs upon which the plaintiffs relied to their detriment.  In their complaint, however, the plaintiffs do not attribute any of the allegedly false representations to Zukerman.  Rather, the plaintiffs attribute false statements to Stuart Cornelius "Neil" Fisher ("Fisher") and to the "Defendants" generally, but without stating which of the defendants made the statements.  See Complaint ¶¶ 12, 14, and 16.  The

---

[1]   Although the complaint in this case was filed in 2001, Zukerman was not purportedly served with a copy of the complaint until 2003.

#342426

plaintiffs also allege, presumably as evidence of "fraud," that Zukerman failed to disclose the conviction of defendant John R. "Jack" Quinn's ("Quinn") for tax fraud.  They also allege that Fisher made a false statement about Zukerman's skill and expertise.  See Complaint ¶ 12.  None of these allegations are sufficient to state a cause of action for fraud with respect to Zukerman, particularly in light of the heightened pleading requirements of Rule 9(b).  The Court should, therefore, dismiss the complaint as to Zukerman.

## I.    The Court Should Dismiss the Complaint Because the Plaintiffs Failed to Plead Fraud with Particularity.

Federal Rule of Civil Procedure 9(b) states in relevant part, that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."  Pleading a cause of action for fraud with particularity requires a plaintiff to allege the time and place of the alleged fraud, as well as the identity of the speaker.  See Adams v. NVR Homes, Inc., 193 F.R.D. 243, 249 - 50 (D. Md. 2000) (dismissing a complaint for failing to meet the particularity requirements of Rule 9(b)).  In cases involving multiple defendants, it is insufficient to group all of the defendants together without linking each defendant to an alleged fraudulent act.  See Adams, 193 F.R.D. at 250; Wang Laboratories, Inc. v. Burts, 612 F. Supp. 441, 445 (D. Md. 1984) (dismissing a complaint that lumped all of the defendants together without alleging how each defendant participated in the fraud alleged).

In paragraphs 12, 14, and 16 of the complaint, the plaintiffs repeatedly refer to misrepresentations made by the "Defendants."  There are five defendants in this case: Fisher, Quinn, Zukerman, NADIF of Wyndholme, LLC, and WVI, LLC, any one of which could have made the statements referred to in those paragraphs.  The speaker in

each case is not identified and, more to the point, Zukerman is not alleged to be the speaker with respect to any of the alleged statements. The allegation that "Defendants" made statements, then, runs afoul of the requirement that a pleader must identify the speaker of a fraudulent representation in order to satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

Moreover, in earlier paragraphs in the complaint, some of the statements attributed to the "Defendants" in paragraphs 12, 14 and 16 are specifically attributed to Fisher. For example, in paragraph 11 of the complaint, the plaintiffs allege "Fisher held himself out . . . as a successful and wealthy developer who had the financial wherewithal to make good on his promise . . . to build a $100 million Ritz-Carlton Hotel . . . in the Baltimore inner harbor area." Then, in paragraph 12, the plaintiffs allege "Defendants . . . represented that they were successful developers and had the financial resources and strength to fund a loan millions of dollars to the Plaintiffs . . . Defendants told Lancelotta that they were the individuals who were developing the inner harbor Ritz-Carlton." Thus, it appears from the complaint itself that the statements the plaintiffs attribute to the "Defendants" were actually made by Fisher, and not by Zukerman.

Because the plaintiffs have failed to attribute any of the alleged misrepresentations to Zukerman, they have failed to plead fraud with the requisite particularity and, therefore, the Court should dismiss the complaint as to Zukerman.

**II.   Fisher's Alleged Misrepresentation Cannot Constitute Fraud by Zukerman. Zukerman Made a False Misrepresentation of Material Fact.**

The complaint also alleges that Fisher made a false representation regarding Zukerman's skill and expertise. Complaint ¶ 12. But that allegation, if true, cannot be the basis of a fraud claim against Zukerman.

To sustain a claim for fraud, there must be proof among other things that the defendant made a false representation of a material fact. See Wootton Enterprises, Inc. v. Subaru of America, Inc., 134 F. Supp. 2d 698, 714 (D. Md. 2001), see also Gross v. Sussex, 332 Md. 247, 257 (1993).

Fisher's alleged statement does not meet this requirement for at least two reasons. First, Fisher is alleged to have made the representation, not Zukerman. Second, a statement expressing an opinion regarding someone's level of skill and expertise does not constitute fraud. Fisher's statement, even if made as alleged, and even if untrue, was an expression of an opinion analogous to the statements attributed to the defendant in Layton v. AAMCO Transmissions, Inc., 717 F. Supp. 368, 371 (D. Md. 1989) and found legally insufficient to support a fraud claim. The statements at issue in Layton concerned "(1) AAMCO's good reputation in the industry, (2) its excellence in the transmission field, (3) its valuable good will, and (4) plaintiffs' probabilities of success as owners of an AAMCO franchise." Fisher's statement, like those of AAMCO, is not actionable, and certainly is not actionable against Zukerman.

Fisher's statement regarding Zukerman's skill and expertise, even if false, is not actionable as against Zukerman and to the extent the complaint relies on the statement, it does not state a claim upon which relief can be granted.

**III.     The Court Should Dismiss the Complaint Because Zukerman had no Duty to Disclose Quinn's Conviction.**

The complaint asserts that Zukerman failed to disclose to the plaintiffs that Quinn had pled guilty to two misdemeanors. Presumably, the plaintiffs contend that this alleged omission constitutes fraud on Zukerman's part. It does not. In the absence of a duty to provide information, the failure to disclose does not give rise to a claim for fraud. And

the duty to disclose only arises when the plaintiff and defendant have a fiduciary or other special relationship.  See Wootton Enterprises, Inc. v. Subaru of America, Inc., 134 F. Supp. 2d at 716; Architectural Systems, Inc. v. Gilbane Building Company, 779 F. Supp. 820, 822 (D. Md. 1991).  In this case, the complaint does not allege and cannot allege the existence of any special or fiduciary relationship between the plaintiffs and Zukerman (or any other defendant).  Indeed, the complaint makes it clear that the parties were businessmen negotiating an arms length, commercial real estate transaction.  As such, none of the parties had any obligation to disclose any negative information, unless asked, and the Court should dismiss the complaint against Zukerman for this additional reason.

## **CONCLUSION**

For all of the above reasons, the plaintiffs' complaint fails to state a claim upon which relief can be granted, and the Court should dismiss the complaint against Howard "Rusty" Zukerman pursuant to Rule 12(b)(6).

        /s/
William C. Sammons, Bar No. 02366
Stephen M. Goldberg, Bar No. 01156
Melvina C. Ford, Bar No. 27105
  Tydings & Rosenberg LLP
  100 East Pratt Street
  26th Floor
  Baltimore, Maryland  21202
  (410) 752-9700

Attorneys for Defendants and Counterplaintiffs