**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **WYNDHOLME VILLAGE, LLC,** *et al*. | * | |
| **Plaintiffs and Counterdefendants** | * | |
| **v.** | * | **CIVIL ACTION NO. L01-3809** |
| **NADIF OF WYNDHOLME, LLC,** *et al*. | * | |
| **Defendants and Counterplaintiffs** | * | |
| | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

**REQUEST FOR HEARING OR, IN THE ALTERNATIVE,
MOTION TO PERMIT FILING OF SURREPLY TO
PLAINTIFFS' MOTION TO AMEND COMPLAINT**

NADIF of Wyndholme, LLC ("NADIF"), WVI, LLC ("WVI"), and John R. "Jack" Quinn, some of the defendants (collectively, the "defendants"), by their undersigned counsel, pursuant to Local Rule 105, request a hearing on the Motion to Amend Complaint ("Motion to Amend") filed by the plaintiffs, Wyndholme Village, LLC ("Wyndholme Village"), James Lancelotta, and Katherine Lancelotta or, in the alternative, move to permit the filing of a surreply to the plaintiffs' Motion to Amend.

**BACKGROUND**

On April 14, 2003, the plaintiffs filed a motion to amend their complaint. The proposed amended complaint included counts for rescission, constructive trust and the appointment of a receiver.[1]  Each of these equitable remedies is justified by the plaintiffs on the ground that there is no adequate remedy at law.

---

[1] The counts for constructive trust and the appointment of a receiver incorporate, and are based entirely on, the allegations contained in the rescission count.

In their opposition to the proposed amendments, the defendants contend that the equitable remedies being pursued by the plaintiffs would "likely create a cloud on title and stop the judicially ordered and approved sale of the Wyndholme property."  <u>See</u> Memorandum in Opposition at 9.  The plaintiffs elected not to respond directly to this contention.  Rather, the plaintiffs concede "they should not be permitted to challenge in this case the foreclosure sale to Leeds Federal" and that rescission relates to the indebtedness of NADIF and WVI "beyond the foreclosure sale."  <u>See</u> Reply Memorandum at 2 - 3.

## <u>GROUNDS FOR HEARING</u>

The plaintiffs' response is so ambiguous as to make it impossible for NADIF and WVI to know if the plaintiffs will seek lien nullification if they are permitted to amend their complaint as requested.  On the one hand, the plaintiffs have stated that they are not challenging the foreclosure.  Taken at face value, this statement implies (in contradiction to the relief requested in the proposed amended complaint) that the plaintiffs are not contesting NADIF's right to foreclose upon its lien and that, after rescission, the sole issue will be entitlement to the proceeds from the foreclosure sale.  On the other hand, the plaintiffs have not explicitly abandoned their request for lien nullification.  The result is confusion and a cloud on the title.

Notwithstanding the plaintiffs' protestations to the contrary, the amended complaint, if this Court permits it to be filed, will cloud title to the Wyndholme property and create an impediment to enforcement of the state court judgment.  In the first place, the proposed amended complaint expressly seeks to void the lien upon which the state

court permitted NADIF to foreclose.  The allegation in paragraph 19 of the proposed

amended complaint is quite explicit:

> This Count seeks to void the August 31, 1999
> contract and all subsequent liens and indebtedness
> of the Plaintiffs presently running in favor of the
> Defendants.  Based on the following, Plaintiffs do
> not have an adequate remedy at law so as to entitle
> them to rescission of the September 2, 1999
> agreement and all liens encumbering the Plaintiffs'
> property as a consequence thereof based on
> equitable and public policy considerations, given
> fraud in the inducement.

The "Wherefore" clause in Count I also clearly states that the plaintiffs are requesting

that the court "declare null and void all liens and encumbrances upon the Plaintiffs'

property flowing therefrom."  See proposed Amended Complaint at 17.

Second, the request to nullify the liens, standing alone, is sufficient to

create a *lis pendens* on the property.  As shown by the letter dated June 5, 2003 from

Commonwealth Title Insurance Company, attached as **Exhibit 1**, the equitable relief

requested by the plaintiffs is an impediment to the issuance of title insurance and

conveyance of the property.

Third, logic and common sense dictate that a rescission of the contract that

gave rise to both the loan and lien will cast a cloud on title.  If the indebtedness is voided,

then it is a short step to contend that the lien securing the debt is likewise void.

Due to the pendency of the Motion to Amend, NADIF has been stymied in

its efforts to close on the foreclosure sale and the plaintiffs have succeeded in interfering

with the substitute trustees ability to consummate the sale, duly ratified and confirmed by

the Circuit Court for Baltimore City.  The nearly identical problem was addressed in

Creative Dev. Corp. v. Bond, 34 Md. App. 279 (1976), cert den. (1977).  In that case, the

circuit court rejected the borrower's petition to enjoin the foreclosure, overruled the

borrower's exceptions to the sale, and ratified the sale to the foreclosing lienholder.

Unable to post a supersedeas bond, the borrower filed a separate lawsuit seeking to enjoin

the sale pending the outcome of its appeal.  During the pendency of the appeal, the

property was conveyed to third party purchasers.  The borrower contended that the

transfer of the property did not moot the appeal because the injunction lawsuit created a

*lis pendens.*  In rejecting the borrower's position, the court stated:

> While Creative's attempt to circumvent the posting
> of a supersedeas bond by means of any end run
> around the rules is novel, it is also nugatory.

Id. at 283.

       The plaintiffs are attempting to use this pending federal action much the

same way the borrower tried to use an injunction proceeding in Creative Dev. Corp.  As

with the borrower in that case, Wyndholme Village has not posted a supersedeas bond in

the foreclosure, but seeks to bring an action (the amended complaint) as a vehicle to stay

the effect of the state court's ratification of the foreclosure sale.  The allegations made in

and equitable relief sought by the proposed amended complaint have only one purpose, to

create a *lis pendens*.  As shown by the attached Commonwealth letter, the plaintiffs have

done so simply by filing their Motion to Amend.  To permit the amendment will create a

long-term cloud on the title and contravene the rule stated in Creative Dev. Corp. v.

Bond, supra.  As the court stated:

> It was never contemplated, at least in this State, that *lis*
> *pendens* could be invoked as a result of a collateral attack
> upon an ostensibly proper judgment, entered after a full
> hearing, in order to defeat the effect of the judgment and
> simultaneously avoid the cost of a supersedeas bond.

Id. at 285.

The defendants have requested a hearing in order to bring this issue before the court for prompt resolution.[2]  Further delay will be prejudicial to NADIF, as the foreclosing lienholder, and to Leeds Federal Savings Bank, as the contract purchaser.  As an alternative to a hearing, the defendants request permission to submit the Surreply, attached as **Exhibit 2**, in further opposition to the Motion to Amend.

Date:  June 11, 2003                      /S/ Stephen M. Goldberg_____
                                          William C. Sammons, Bar No. 02366
                                          Stephen M. Goldberg, Bar No. 01156
                                          Tydings & Rosenberg LLP
                                          100 East Pratt Street, 26th Floor
                                          Baltimore, Maryland  21202
                                          Telephone:  (410) 752-9700
                                          Facsimile:  (410) 727-5460

                                          Attorneys for Defendants and Counter-
                                          Plaintiffs

---

[2] Should the Court elect to deny the Motion to Amend with prejudice, no hearing is requested.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of June, 2003, a copy of the

foregoing Request for Hearing or, In The Alternative, Motion to Permit Filing of

Surreply was mailed, postage prepaid to:

> Howard J. Schulman, Esquire
> Schulman & Kaufman, LLC
> One Charles Center
> 100 North Charles Street, Suite 600
> Baltimore, Maryland 21201
> *Attorneys for Plaintiffs and Counterdefendants*
>
> Stuart C. "Neil" Fisher
> 173 Root Trail
> Palm Beach, FL 33480
> *Defendant*

> /S/ Stephen M. Goldberg
> Stephen M. Goldberg

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **WYNDHOLME VILLAGE, LLC**, *et al.* | * |
| **Plaintiffs and Counterdefendants** | * |
| **v.** | * **CIVIL ACTION NO. L01-3809** |
| **NADIF OF WYNDHOLME, LLC**, *et al.* | * |
| **Defendants and Counterplaintiffs** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER AUTHORIZING FILING OF SURREPLY

Upon the foregoing Motion to Permit Filing of Surreply to Motion to Amend Complaint, and for good cause shown, it is this _____ day of _____, 2003,

**ORDERED**, that the defendants NADIF of Wyndholme, LLC, WVI, LLC and John R. Quinn are permitted to file a surreply to the plaintiffs Motion to Amend Complaint.

_____
U.S. DISTRICT COURT JUDGE

William C. Sammons, Esq.
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD 21202

Howard J. Schulman, Esquire
Schulman & Kaufman, LLC
One Charles Center
100 North Charles Street, Suite 600
Baltimore, Maryland 21201

Stuart C. "Neil" Fisher
173 Root Trail
Palm Beach, FL 33480

#342928