IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WYNDHOLME VILLAGE, LLC, *et al*. | * |
|     Plaintiffs and Counterdefendants | * |
| v. | *   CIVIL ACTION NO. L01-3809 |
| NADIF OF WYNDHOLME, LLC, *et al*. | * |
|     Defendants and Counterplaintiffs | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### SURREPLY TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

NADIF of Wyndholme, LLC ("NADIF"), WVI, LLC ("WVI"), and John R. "Jack" Quinn, some of the defendants (collectively, the "defendants"), by their undersigned counsel, file this surreply to the Motion to Amend Complaint ("Motion to Amend") filed by the plaintiffs, Wyndholme Village, LLC ("Wyndholme Village"), James Lancelotta, and Katherine Lancelotta.

### BACKGROUND

On April 14, 2003, the plaintiffs filed a motion to amend their complaint. The proposed amended complaint included counts for rescission, constructive trust and the appointment of a receiver.[1] According to the plaintiffs, the court should permit the claims for equitable relief because there is no adequate remedy at law.

In their opposition to the proposed amendments, the defendants contend that the equitable remedies being pursued by the plaintiffs would "likely create a cloud on title and stop the judicially ordered and approved sale of the Wyndholme property." See

---

[1] The counts for constructive trust and the appointment of a receiver incorporate, and are based entirely on, the allegations contained in the rescission count.

Memorandum in Opposition at 9. The plaintiffs elected not to respond directly to this contention. Rather, the plaintiffs concede "they should not be permitted to challenge in this case the foreclosure sale to Leeds Federal" and that rescission only relates to the indebtedness of NADIF and WVI "beyond the foreclosure sale." See Reply Memorandum at 2 - 3.

## ARGUMENT

**The Proposed Amendments Cloud Title And Constitute An Indirect Attack On the Circuit Court Foreclosure**

The plaintiffs' response is so ambiguous as to make it impossible for NADIF and WVI to know if the plaintiffs continue will seek lien nullification if they are permitted to amend their complaint as requested. On the one hand, the plaintiffs have stated that they are not challenging the foreclosure. Taken at face value, this statement implies (in contradiction to the relief requested in the proposed amended complaint) that the plaintiffs are not contesting NADIF's right to foreclose upon its lien and that, after rescission, the sole issue will be entitlement to the proceeds from the foreclosure sale. On the other hand, the plaintiffs have not explicitly abandoned their request for lien nullification. The result is confusion and a cloud on the title.

Notwithstanding the plaintiffs' protestations to the contrary, the amended complaint, if this Court permits it to be filed, will cloud title to the Wyndholme property and create an impediment to enforcement of the state court judgment. In the first place, the proposed amended complaint expressly seeks to void the lien upon which the state court permitted NADIF to foreclose. The allegation in paragraph 19 of the proposed amended complaint is quite explicit:

#343339                                           2

> This Count seeks to void the August 31, 1999 contract and all subsequent liens and indebtedness of the Plaintiffs presently running in favor of the Defendants. Based on the following, Plaintiffs do not have an adequate remedy at law so as to entitle them to rescission of the September 2, 1999 agreement and all liens encumbering the Plaintiffs' property as a consequence thereof based on equitable and public policy considerations, given fraud in the inducement.

The "Wherefore" clause in Count I also clearly states that the plaintiffs are requesting that the court "declare null and void all liens and encumbrances upon the Plaintiffs' property flowing therefrom." See proposed Amended Complaint at 17.

Second, the request to nullify the liens, standing alone, is sufficient to create a *lis pendens* on the property. As shown by the attached letter dated June 5, 2003 from Commonwealth Title Insurance Company, the equitable relief requested by the plaintiffs is an impediment to the issuance of title insurance and conveyance of the property.

Third, logic and common sense dictate that a rescission of the contract that gave rise to both the loan and lien will cast a cloud on title. If the indebtedness is voided, then it is a short step to contend that the lien securing the debt is likewise void.

Due to the pendency of the Motion to Amend, NADIF has been stymied in its efforts to close on the foreclosure sale and the plaintiffs have succeeded in interfering with the substitute trustees ability to consummate the sale, duly ratified and confirmed by the Circuit Court for Baltimore City. The nearly identical problem was addressed in Creative Dev. Corp. v. Bond, 34 Md. App. 279 (1976), cert den. (1977). In that case, the circuit court rejected the borrower's petition to enjoin the foreclosure, overruled the borrower's exceptions to the sale, and ratified the sale to the foreclosing lienholder.

Unable to post a supersedeas bond, the borrower filed a separate lawsuit seeking to enjoin the sale pending the outcome of its appeal. During the pendency of the appeal, the property was conveyed to third party purchasers. The borrower contended that the transfer of the property did not moot the appeal because the injunction lawsuit created a *lis pendens*. In rejecting the borrower's position, the court stated:

> While Creative's attempt to circumvent the posting of a supersedeas bond by means of any end run around the rules is novel, it is also nugatory.

Id. at 283.

The plaintiffs are attempting to use this pending federal action much the same way the borrower tried to use an injunction proceeding in Creative Dev. Corp. As with the borrower in that case, Wyndholme has not posted a supersedeas bond in the foreclosure, but seeks to bring an action (the amended complaint) as a vehicle to stay the effect of the state court's ratification of the foreclosure sale. The allegations made in and equitable relief sought by the proposed amended complaint have only one purpose, to create a *lis pendens*. As shown by the attached Commonwealth letter, the plaintiffs have done so simply by filing their Motion to Amend. To permit the amendment will create a long-term cloud on the title and contravene the rule stated in Creative Dev. Corp. v. Bond, supra. As the court stated:

> It was never contemplated, at least in this State, that *lis pendens* could be invoked as a result of a collateral attack upon an ostensibly proper judgment, entered after a full hearing, in order to defeat the effect of the judgment and simultaneously avoid the cost of a supersedeas bond.

Id. at 285.

#343339

## CONCLUSION

For the foregoing reasons, as well as those set forth in the defendants' opposition, the defendants request that the Motion to Amend be denied.

Date: June 11, 2003

/S/ Stephen M. Goldberg
William C. Sammons, Bar No. 02366
Stephen M. Goldberg, Bar No. 01156
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Facsimile: (410) 727-5460

Attorneys for Defendants and Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2003, a copy of the foregoing Surreply was mailed, postage prepaid to:

Howard J. Schulman, Esquire
Schulman & Kaufman, LLC
One Charles Center
100 North Charles Street, Suite 600
Baltimore, Maryland 21201
*Attorneys for Plaintiffs and Counterdefendants*

Stuart C. "Neil" Fisher
173 Root Trail
Palm Beach, FL 33480
*Defendant*

/S/ Stephen M. Goldberg
Stephen M. Goldberg

#343339

5