IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, et al.     :
                                                             :
      v.                                                   :            CIVIL NO. L-01-3809
                                                              :
NADIF OF WYNDHOLME, LLC, et al.    :

## ORDER

Pending is Defendant Howard Zukerman's Motion to Dismiss (Docket No. 59). The motion has been fully briefed, and the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court hereby DENIES Mr. Zukerman's Motion to Dismiss, without prejudice to refiling at the close of discovery as a motion for summary judgment.

**I.    BACKGROUND**

This case concerns serious allegations of fraud and misconduct. In essence, the plaintiffs contend that the defendants intentionally misrepresented themselves as wealthy and successful real estate developers in an effort to garner control over the plaintiffs' assets.

Plaintiffs James and Katherine Lancelotta are the principals of plaintiff corporation Wyndholme Village, LLC ("Wyndholme"). The Lancelottas organized Wyndholme to purchase and develop property in Baltimore City for the construction of a retirement community.

On March 17, 1999, Wyndholme filed for Chapter 11 bankruptcy protection. In June 1999, Defendants Stuart Fisher, John Quinn, and Howard Zukerman approached the plaintiffs. Defendants allegedly represented themselves as successful and reputable developers, who were principals of corporate defendants North American Doctors Investment Fund ("NADIF") and WVI, LLC.

On behalf of NADIF, the individual defendants allegedly promised to pay off a portion of Wyndholme's outstanding debt and finance the remainder of the project. Specifically, the plaintiffs contend that the defendants agreed to do the following:

(i) loan $750,000 to the plaintiffs, in return for a first-priority lien and a 10 percent share of Wyndholme;

(ii) within 120 days of the bankruptcy court's approval of the first-priority lien, NADIF would commit an additional $7 million for a construction loan to complete the project, in return for a 50 percent share of Wyndholme;[1] and

(iii) Defendant WVI, LLC, would pay off one of Wyndholme's creditors, thereby assuming the creditor's lien and rights in the bankruptcy proceeding.

While NADIF made the initial loan of $750,000, the plaintiffs contend that NADIF never secured the additional $7 million necessary to complete the project.

The plaintiffs allege that the defendants never intended to provide the financing necessary to complete the project. Rather, the defendants' goal was to induce the plaintiffs and their creditors to transfer control of the land to NADIF, allowing NADIF to sell the land at a profit. Although the defendants were ultimately unable to gain control of Wyndolme's property, the plaintiffs claim to have incurred increased costs, lost profits, and missed opportunities to secure other financing.

On December 10, 2001, the plaintiffs filed suit. In their amended complaint,[2] the plaintiffs sue for fraud and breach of contract as well as several equitable remedies in connection with the fraudulent representations.

---

[1] It is unclear from the complaint whether the 50 percent share included the previously transferred 10 percent or was in excess of the 10 percent, for a 60 percent stake in the company.

[2] By separate Order, the Court will grant the plaintiffs' motion for leave to amend the complaint.

2

On May 22, 2003, Mr. Zukerman filed the instant motion to dismiss. Mr. Zukerman argues that he should be dismissed from the case for the following reasons:

(i) Plaintiffs have failed to plead fraud with particularity as to him, in contravention of Federal Rule of Civil Procedure 9(b); and

(ii) in the alternative, the Court should dismiss him from the case because (a) Mr. Fisher's expressions regarding his qualifications were an opinion and not, therefore, fraud, and (b) Mr. Zukerman had no duty to disclose Quinn's conviction.

The Court will address each argument in turn.

## II.   MOTION TO DISMISS STANDARD

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim.

A plaintiff alleging fraud, however, must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). Specifically, a plaintiff must plead "the time, place, and contents of the false representations, as well as the identify of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotations omitted). While Rule 9(b) is meant to protect against conclusory allegations of fraud, "a court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Id.

3

**III.   ANALYSIS**

    **A.   Plaintiffs Satisfactorily Plead Fraud**

The plaintiffs set out with specificity that (i) Mr. Zukerman was a business partner and CFO of NADIF, (ii) the defendants jointly approached Mr. Lancelotta, representing themselves as wealthy and successful real estate developers, and (iii) Mr. Fisher depicted Mr. Zukerman as having "particularized financial expertise in implementing financing for projects such as Wyndholme." (Compl. ¶¶ 4 & 12).

These allegations minimally comply with the dictates of Rule 9(b). Moreover, Mr. Zukerman had a close personal and business association with the other defendants. Given this intimate knowledge of the circumstances, the allegations of the complaint give Mr. Zukerman sufficient notice to prepare his defense. In addition, the plaintiffs, having researched the defendants' criminal histories, have substantial prediscovery evidence that the defendants are not the successful developers they allegedly held themselves out to be.

Accordingly, the Court is satisfied that Plaintiffs have sufficiently pled fraud as to Mr. Zukerman. The association among the defendants will be the subject of discovery. If it turns out that one or more of the individual defendants had no part in the allegedly fraudulent statements, then that argument can be raised in the context of a motion for summary judgment.

    **B.   Plaintiffs' Remaining Arguments Are Premature**

As previously stated, Mr. Zukerman argues in the alternative that he should be dismissed because (i) Mr. Fisher's expressions regarding his qualifications were an opinion and not, therefore, fraud, and (ii) Mr. Zukerman had no duty to disclose Quinn's conviction. These arguments are

essentially factual in nature. Because no discovery has been conducted, these arguments are premature.

Accordingly, the Court DENIES Mr. Zukerman's Motion to Dismiss, without prejudice to refiling at the close of discovery as a motion for summary judgment.

It is so ORDERED this 16th day of June, 2003.

_____/s/_____<br>
Benson Everett Legg<br>
Chief Judge