IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WYNDHOLME VILLAGE, LLC,** *et al.* | * | |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION NO. 01-3809 |
| **NADIF OF WYNDHOLME, LLC,** *et al.* | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM BY ZUKERMAN

**ANSWER**

NADIF of Wyndholme, LLC ("NADIF"), WVI, LLC ("WVI"), John R. "Jack" Quinn ("Quinn") and Howard "Rusty" Zukerman ("Zukerman"), some of the defendants (collectively, the "defendants"), by their undersigned counsel, in answer to the Amended Complaint (the "Complaint") state as follows:

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The claims set forth in the Complaint are barred by the doctrine of unclean hands.

**Third Affirmative Defense**

The claims set forth in the Complaint are barred by the doctrine of estoppel.

#346070

**Fourth Affirmative Defense**

The claims set forth in the Complaint are barred by reason of fraud committed by Plaintiff.

**Fifth Affirmative Defense**

The claims set forth in the Complaint are barred by the statute of limitations.

**Sixth Affirmative Defense**

The claims set forth in the Complaint are barred by laches.

**Seventh Affirmative Defense**

The claims set forth in the Complaint are barred by a failure of consideration.

**Eighth Affirmative Defense**

The claims set forth in the Complaint are barred by res judicata.

**Ninth Affirmative Defense**

The claims set forth in the Complaint are barred by the doctrine of waiver.

**Tenth Affirmative Defense**

The claims set forth in the Complaint are barred the statute of frauds.

**Specific Allegations in Complaint**

**Count I**

1.  Defendants admit the allegations contained in Paragraph 1 of the Complaint, but with respect to the allegations as to Stuart "Neil" Cornelius Fisher ("Fisher"), defendants are without sufficient information and knowledge to admit or deny the allegations.

2. Defendants are without sufficient information and knowledge to admit or deny the allegations concerning Fisher, but deny the allegations to the extent applicable to them. Further answering, defendants state that certain of the statements in paragraph 2 are conclusions for which no response is required. Quinn also admits that Fisher may have been "involved" at some point in time with the described real estate projects, but denies the characterization of these projects as "numerous" failures.

3. NADIF, WVI and Zukerman are without sufficient information and knowledge to admit or deny the allegations contained in the first sentence in Paragraph 3 of the Complaint. Quinn denies that the described real estate projects were "Fisher's projects" but admits to having been involved at some point in time with ventures involved in the described real estate projects.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the second sentence in Paragraph 3 of the Complaint. Further answering, Quinn states that Fisher may have so described him.

NADIF, WVI and Zukerman are without sufficient information and knowledge to admit or deny the allegations contained in the third sentence in Paragraph 3 of the Complaint. Quinn admits that Quinn did plead guilty to certain misdemeanors, but denies the characterization of the alleged violations of law. Quinn also denies any inference that his guilty plea was in any way related to the subject matter of this litigation.

NADIF, WVI and Zukerman are without sufficient information and knowledge to admit or deny the allegations contained in the fourth sentence in Paragraph

3 of the Complaint. Quinn admits that a judgment was entered against him and Fisher arising out of the Rivera project, but denies that it remains uncollected.

4. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint, except that Zukerman admits that he has pled guilty to certain misdemeanors. Zukerman denies the characterization of the alleged violations of law and denies any inference that his guilty plea was in any way related to the subject matter of this litigation.

5. To the extent that the statements contained in Paragraph 5 of the Complaint require a legal conclusion, no response is required. Further answering, without waiving their objection, Quinn neither is nor was an agent, servant or employee of NADIF or WVI, and Zukerman was for a short time during the summer of 1999 the Chief Financial Officer of NADIF and not an agent, servant or employee of WVI.

6. Defendants admit that Wyndholme Village, LLC ("Wyndholme Village") is the "record" owner of the parcels at 5205 and 5241 Frederick Road, but that the parcels have been sold at foreclosure to Leeds Federal Savings Bank. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the first sentence in Paragraph 6 of the Complaint concerning ownership of Lots 18-53, Block 8138J or the allegations in the second sentence of Paragraph 6 of the Complaint concerning Wyndholme Village's current rights or interest in the Rock Glen property.

Defendants admit that some site improvements have been made to the Property as alleged in the third sentence of Paragraph 6 of the Complaint, but are without sufficient information and knowledge to admit or deny the exact nature and extent of such site improvements. Further answering, defendants state that all site work was done

or was contracted for by plaintiffs and, in doing so, plaintiffs failed to comply with applicable environmental rules and created a hazardous environmental condition.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the fourth sentence of Paragraph 6 of the Complaint.

Defendants deny the allegations contained in the fifth sentence of Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in the first sentence of Paragraph 7 of the Complaint to the extent that the Articles of Organization of Wyndholme Village, LLC state a different purpose.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the second sentence of Paragraph 7 of the Complaint.

Defendants admit the allegations contained in the third sentence of Paragraph 7 of the Complaint insofar as James M. Lancelotta executed the Articles of Organization of Wyndholme Village, LLC as filed at the Maryland State Department of Assessments and Taxation and the term "principal" means that James M. Lancelotta has a membership interest in Wyndholme Village, LLC, however, to the extent the terms "organized" or "principal" were intended to have different meanings, defendants deny such allegations.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the third sentence of Paragraph 7 of the Complaint, but further answer that upon information and belief that all or some portion of the Property had been owned by persons with the Lancelotta surname prior to its ownership by Wyndholme Village, LLC.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in the first, second and third sentences in Paragraph 10 of the Complaint, but are without sufficient information and knowledge to admit or deny the allegations concerning the motivation of Wyndholme Village, LLC. With respect to the fourth sentence in Paragraph 10 of the Complaint, defendants admit that on August 31, 2001 the United States Bankruptcy Court for the District of Maryland entered an Order Granting Motion to Dismiss the Chapter 11 bankruptcy proceeding of Wyndholme Village, LLC, Case No. 99-53494-SD and that during the pendency of the case Wyndholme Village, LLC had acted as a debtor-in-possession.

11. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in the first sentence of Paragraph 12 of the Complaint, and further answer by stating that in James Lancelotta's Affidavit he concedes that he approached a mortgage broker through whom he met Mr. Philip Pilevsky, President and Chief Executive Officer of Philips International Realty Corp. and ultimately Fisher, Quinn and Zukerman.

NADIF, WVI and Zukerman are without sufficient information and knowledge to admit or deny the allegations contained in the second sentence of Paragraph 12 of the Complaint. Quinn admits discussing with James Lancelotta the

#346070                                        6

financing of the Harborview project, but denies the remaining allegations contained in the second sentence of Paragraph 12 of the Complaint.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the third sentence of Paragraph 12 of the Complaint.

NADIF and WVI are without sufficient information and knowledge to admit or deny the allegations contained in the fourth sentence of Paragraph 12 of the Complaint. Quinn and Zukerman deny the allegations.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the fifth sentence of Paragraph 12 of the Complaint. Further answering, defendants state that if plaintiffs had been creditworthy, if the plaintiffs had the skills and experience to develop and manage the project and if the project had proved a viable concept, then third party financing could likely be obtained.

Defendants deny the allegations contained in the sixth sentence of Paragraph 12 of the Complaint. Further answering, defendants state that the final Venture Agreement dated as of August 30, 1999 did not require NADIF to provide financing or procure financing from third party sources.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the seventh sentence of Paragraph 12 of the Complaint. Further answering, defendants state that by reason of plaintiffs' admission in the in the seventh sentence of Paragraph 12 of the Complaint and the Affidavit of James Lancelotta, plaintiffs knew that NADIF was created as a single purpose entity. Defendants further answer that the creation of a special purpose entity was made known to plaintiffs and their counsel.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the eighth sentence of Paragraph 12 of the Complaint. Further answering, Quinn states that Fisher may consider Quinn to be a "highly regarded real estate developer" and may have so described him; and Zukerman states that Fisher may consider him knowledgeable about real estate financing and may have so described him.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the ninth sentence of Paragraph 12 of the Complaint regarding Fisher. NADIF and WVI are without sufficient information and knowledge to admit or deny the allegations contained in the ninth sentence of Paragraph 12 of the Complaint regarding Quinn and Zukerman. Quinn and Zukerman admit they did not disclose a misdemeanor conviction of Quinn to James Lancelotta, but deny the characterization of Quinn's conviction.

Defendants are without sufficient information and knowledge to admit or deny the allegations contained in the tenth sentence of Paragraph 12 of the Complaint.

Defendants admit that NADIF made a superpriority loan of $750,000 to Wyndholme Village, LLC as approved by the U.S. Bankruptcy Court for the District of Maryland, but deny the remaining allegations in the eleventh sentence of Paragraph 12 of the Complaint. Further answering, defendants state that the final Venture Agreement dated as of August 30, 1999 (the "Venture Agreement") did not require NADIF to provide financing or procure financing from third party sources. Additionally, defendants state that NADIF advanced in excess of $150,000 of additional funds to

Wyndholme Village, LLC and advanced $100,000 for the benefit of James Lancelotta and Katherine Lancelotta.

Defendants deny the allegations in the twelfth sentence of Paragraph 12 of the Complaint. Further answering, defendants state that a superpriority lien was sought and obtained from the U.S. Bankruptcy Court for the District of Maryland as provided in the final Venture Agreement.

13.  Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.  Defendants deny the allegations contained in Paragraph 14 of the Complaint and specifically deny that defendants pledged to finance the project. Further answering, defendants deny that the final Venture Agreement, which followed any discussions Fisher may have had with Curtis C. Coon, Esq. and Howard A. Rubenstein, Esq., obligated defendants to finance the project or obtain financing from third party sources. Defendants further state that NADIF made a superpriority loan of $750,000 (as approved by the U.S. Bankruptcy Court for the District of Maryland) and in excess of $150,000 in additional unsecured advances to Wyndholme Village, LLC; that WVI purchased the loan of Metropolitan Bank & Trust; that NADIF made a $100,000 loan for the benefit of James Lancelotta and Katherine Lancelotta; that James Lancelotta transferred to NADIF a 10% membership interest in Wyndholme Village, LLC; that James Lancelotta promised to transfer an additional 40% membership interest in Wyndholme Village, LLC to NADIF under certain terms and conditions and, specifically, only if NADIF was instrumental in procuring financing for the project; and that following a hearing on September 21, 1999 in the U.S. Bankruptcy Court for the District of

Maryland, at which counsel for NADIF and WVI and counsel for Leeds Federal Savings Bank and Tom Iacaboni/Iacaboni Site Specialists consented to the $750,000 superpriority loan to be made by NADIF, the Honorable E. Stephen Derby signed an Order approving the Venture Agreement and the NADIF superpriority loan.

15. Defendants admit that NADIF made a superpriority loan in the principal amount of $750,000 to Wyndholme Village, LLC, but deny the remaining allegations in the first sentence of Paragraph 15 of the Complaint.

Defendants admit that NADIF submitted a bid at a foreclosure sale initiated by Leeds Federal Savings Bank held on April 30, 2001, but deny the remaining allegations in the second sentence of Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint. Further answering, defendants state that the conclusory statement that NADIF had excess of $500 million contradicts the allegation in Paragraph 12 of the Complaint that the purported statement concerned only assets of a different entity, the North American Doctors Fund.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## Count II

19. The first sentence in Paragraph 19 of the Complaint contains a conclusion for which no response is required. Defendants deny the allegations contained in the second sentence in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint contains numerous conclusory statements for which no response is required. Further answering, defendants deny that NADIF and WVI are "shell corporations," that NADIF is "nominally managed" by "fictitious entities," that the identified persons "purport to manage," that Gotham-Q Venture I, LLC is "front," and that Garchik or SJM Partners acts as "general agent" for Gotham Partners, L.P. Defendants admit that Martin Zukerman is defendant Zukerman's father and that John J. Quinn is the son of defendant Quinn.

21.     NADIF, WVI and Quinn are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint. Zukerman admits the allegations contained in the first sentence of Paragraph 21 of the Complaint, but denies the characterization of the indictment or guilty plea and denies that the indictment or guilty plea related to using straw and shell entities to defraud financial institutions. Zukerman admits the allegations contained in the second sentence of Paragraph 21 of the Complaint, but is without sufficient information and knowledge to admit or deny the precise amount due on any tax lien. Zukerman admits the allegations contained in the third sentence of Paragraph 21 of the Complaint, but denies the characterization of the indictment. The conclusory statements in the fourth sentence of Paragraph 21 of the Complaint require no response. Zukerman admits the allegations contained in the fifth and sixth sentence of Paragraph 21 of the Complaint.

22.     NADIF, WVI and Zukerman are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint. Quinn admits that he filed bankruptcy petitions referenced in the first and second sentence of Paragraph 22 of the Complaint, but their legal effect requires no

response. Quinn admits the allegations contained in the third sentence of Paragraph 22 of the Complaint. Quinn is unable to admit or deny the allegations contained in the fourth sentence of Paragraph 22 of the Complaint as it requires a legal conclusion as to ownership. Quinn denies the allegations contained in the fifth sentence of Paragraph 22 of the Complaint, but states that his son does provide him with financial support.

23. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint regarding Fisher and deny the remaining allegations.

## Count III

25. Defendants incorporate their responses to the "relevant allegations in Counts I and II" and deny that plaintiffs are entitled to the relief requested.

## Count IV

26. Defendants incorporate their responses to the "relevant allegations in Counts I, II and III" and deny that plaintiffs are entitled to the relief requested.

## COUNTERCLAIM BY ZUKERMAN

Howard Zukerman, one of the defendants, as counterplaintiff, by undersigned counsel, counterclaims against Wyndholme Village, LLC ("Wyndholme"), James M. Lancelotta ("Lancelotta") and Katherine Lancelotta ("Katherine" and together with Lancelotta, the "Lancelottas"), plaintiffs and counterdefendants, by joining in Counts IV and VII of the Amended Counterclaim previously filed in this case and incorporating herein the allegations of the Amended Counterclaim relating thereto.

WHEREFORE, Zukerman demands judgment as sought in Counts IV and VII of the Amended Complaint as filed by the other counterplaintiffs.

| | |
|---|---|
| Date:  June 24, 2003 | /s/ William C. Sammons_____ |
| | William C. Sammons, Bar No. 02366 |
| | Stephen M. Goldberg, Bar No. 01156 |
| | Tydings & Rosenberg LLP |
| | 100 East Pratt Street, 26th Floor |
| | Baltimore, Maryland  21202 |
| | Telephone:  (410) 752-9700 |
| | Facsimile:  (410) 727-5460 |
| | |
| | Attorneys for Defendants and Counterplaintiffs |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24${}^{th}$ day of June 2003, a copy of the foregoing Answer to Amended Complaint and Counterclaim by Zukerman was mailed, postage prepaid to:

>Howard J. Schulman, Esq.
>Schulman & Kaufman, LLC
>One Charles Center, Suite 600
>Baltimore, MD 21201
>*Attorney for Plaintiffs*
>
>Stuart C. Fisher
>173 Root Trail
>Palm Beach, FL 33480

>/s/ Stephen M. Goldberg
>Stephen M. Goldberg