IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WYNDHOLME VILLAGE, LLC,** *et al.* | * | |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION NO. 01-3809 |
| **NADIF OF WYNDHOLME, LLC,** *et al.* | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO QUASH SUBPOENA TO BANK OF AMERICA

NADIF of Wyndholme, LLC ("NADIF of Wyndholme"), WVI, LLC ("WVI"), John R. "Jack" Quinn ("Quinn") and Howard "Rusty" Zukerman ("Zukerman"), some of the defendants (collectively, the "defendants"), by their undersigned counsel, pursuant to Fed. R. Civ. P. 45((c)(3), move to quash to the subpoena issued to the Bank of America (the "Bank") by the plaintiffs and counterdefendants. In support of this Motion, defendants state as follows:

1.     The Subpoena is overly broad, seeking information that is neither relevant nor material to the litigation. The central issue in this case is whether NADIF of Wyndholme allegedly failed to provide financing for the Wyndholme project or failed to procure financing from third party sources. None of the other entities named in the Subpoena is relevant to that inquiry. Indeed, there is not a single allegation in the Amended Complaint that any of the entities (other than NADIF of Wyndholme) entered into any contract with plaintiffs or made any promises or representations to the plaintiffs regarding financing of the Wyndholme project.

#346258

1

2. The Subpoena is also flawed in that it requests unrestricted access to all of the bank records of each of the nine different corporate entities. The plaintiffs, in effect, want carte blanche to examine the bank records of corporate entities that are not defendants and have no direct bearing on the allegations of breach of contract and fraud. This request has no legitimate purpose and far exceeds the parameters of permissible discovery.

3. The Subpoena is also defective because of the absence of any time period limitation. The plaintiffs want the Bank to produce all records pertaining to any account regardless of how long the account has existed or whether the account is open or closed. This open-ended request is evidence that the plaintiffs are engaged in nothing more than a fishing expedition.

4. Attached to the Subpoena is a check drawn in September 2000 on an account in the name of the North American Doctors Investment Fund, Inc. payable to the order of Chesapeake Conference Association of Seventh Day Adventists. The plaintiffs use this check to identify a specific bank account and, seemingly, to justify their request for all bank records of the North American Doctors Investment Fund, Inc. However, the North American Doctors Investment Fund, Inc. is not a defendant in this action and has no ownership interest in either NADIF of Wyndholme or WVI. Secondly, the issuance of that one check does not justify the plaintiffs' blanket subpoena of the company's bank records. Moreover, the mere fact that some of the individual defendants may have had a connection of some sort to the North American Doctors Investment Fund, Inc. is insufficient reason to warrant a wholesale inquiry into its business and financial affairs. Lastly, a blanket subpoena of bank records is hardly justified by the fact

that the North American Doctors Investment Fund, Inc., like NADIF of Wyndholme, is sometimes referred to as "NADIF." The commonality of names does not permit the plaintiffs to obtain access to the records of a non-defendant.

       5.       The broad scope of the Subpoena may also result in the disclosure of confidential commercial information. The documents requested may contain a broad range of commercial information including, without limitation, funding sources, investors, contractors and developers. The information will not be limited solely to bank balances on a given date. Rather, the requested information will enable the plaintiffs to learn confidential financial information about unrelated third parties. It is also possible that business relationships that defendants have with any of the persons identified in the bank records (and who are not parties in this action) may be adversely affected.

       6.       Additionally, the blanket production of the bank records sought in the Subpoena may result in the plaintiffs receiving information that impinges on the attorney-client privilege.

       7.       For the foregoing reasons, the Subpoena should be quashed. The plaintiffs have failed to justify the blanket, unrestricted production of documents sought by Subpoena on the Bank.

WHEREFORE, the defendants request that the Court enter an Order quashing the Subpoena and granting such other and further relief as may be just and proper.

Date:  June 26, 2003

/s/ William C. Sammons_____
William C. Sammons, Bar No. 02366
Stephen M. Goldberg, Bar No. 01156
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone:  (410) 752-9700
Facsimile:  (410) 727-5460

Attorneys for Defendants and
Counterplaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June 2003, a copy of the foregoing Motion to Quash Subpoena to Bank of America was mailed, postage prepaid to:

Howard J. Schulman, Esq.
Schulman & Kaufman, LLC
One Charles Center, Suite 600
Baltimore, MD 21201
*Attorney for Plaintiffs*

Stuart C. Fisher
173 Root Trail
Palm Beach, FL 33480

Bank of America
Attn. Jacqueline Jones, Legal Support Unit
100 S. Charles Street, 3rd Floor
Baltimore, MD 21201

/S/ Stephen M. Goldberg \_\_
Stephen M. Goldberg