IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, et al.,  *

    Plaintiffs and Counter-Defendants *

    v.                         *         Civil Action No. L01-3809

NADIF OF WYNDHOLME, LLC, et al.,  *

    Defendants and Counter-Plaintiffs *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION (PAPER NO. 65) TO QUASH SUBPOENA
TO BANK OF AMERICA

    Plaintiffs, Wyndholme Village, LLC, James Lancelotta and Katherine Lancelotta, by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, in opposition to Defendants' Motion to Quash Subpoena to Bank of America, state as follows:

    All of the Defendants in this case, except for Defendant Fisher,[1] joined in a Motion to Quash Subpoena to the Bank of America (Paper No. 65), which was issued to the Bank pursuant to Fed.R.Civ.P. 45 to produce documents *sans* deposition. Defendants advance a litany of reasons which will be addressed *seriatim* below.

    The subpoena requests the records of the following entities that appear to be related to the North American Doctors Investment Fund and/or North American Doctors

---

[1]Defendant Fisher failed to appear at deposition on July 8, 2003 as ordered by the Court. Defendant Fisher, who is an attorney, also failed to respond to the discovery that this Court recently ordered. (Paper No. 62).

Investment Fund, Inc.:

> North American Doctors Investment Fund, Inc.
> NADIF of Florida, Inc.
> NADIF of Inner Harbor, Inc.
> NADIF of South Beach, Inc.
> The North American Doctors' Investment Fund of Florida, Inc.
> NADIF Development of Florida, Inc.
> NADIF of Wyndholme, LLC
> NADIF of Wyndholme, Inc.
> NADIF World Trade Center, Inc.

Preliminarily, Defendants have not established their standing to object to the subpoena for these records, except for the bank records of NADIF of Wyndholme, LLC. Defendants have not averred or provided affidavit evidence that they have a current interest or association with any of these entities. By contrast, the Bank of America has not taken the position that the subpoena is overly broad or burdensome. It has merely made a Rule 45(c)(2)(B) objection based on the Motion to Quash that is here in question. The Bank merely states that it will not produce the documents in response to the subpoena until the Court issues an order to that effect.  *See* attached objection.

Defendants state that the subpoena does not relate to the central issue in this case, which they term to be whether NADIF of Wyndholme allegedly failed to provide financing for the Wyndholme project or failed to procure financing from third-party sources. That, however, is the Defendants' theory of the case.   Defendants, however, proceed upon a fraud theory, among others, a fraud that is not only central to this case, but is part of a multi-state trail of fraud left by the individual Defendants. The Complaint in this case alleges:

[Defendant] Fisher, in the presence of Quinn and Zukerman, told Lancelotta that the three of them were successful and reputable developers and were principals of North American Doctors Investment Fund, which Fisher told Lancelotta had assets in excess of $500 million. Fisher told Lancelotta that North American Doctors Investment Fund would be able to obtain the millions of dollars required to pay off the existing debt and to finance the completion of the project. Fisher also told Lancelotta that if NADIF could not obtain financing from a third party, NADIF had more than enough assets to make the loan itself. Fisher told Lancelotta that North American Doctors Investment Fund always operated through single purpose subsidiaries, which, in this case, would be NADIF. Fisher described to Lancelotta his role in North American Doctors Investment Fund and NADIF as that of being the rainmaker for investment funds, that Quinn was a successful and highly regarded real estate developer and that Zukerman brought with him particularized financial expertise in implementing financing for projects such as Wyndholme.

See Complaint, ¶ 12. Mr. Lancelotta's Affidavit on file with this Court, ¶¶ 8, 9 & 13 (Paper No. 8), reflects that, based on Fisher's representations, NADIF, particularly given its financial wherewithal, would fund the construction loan if others did not. Mr. Lancelotta testified at deposition to the same effect.[2] *See, e.g.,* Tr. 104-05, 115, 245-46, 318-320 (copies attached to Paper No. 54). Mr. Lancelotta's testimony is corroborated by the deposition testimony of Curtis Coon, Esquire (Tr. 25-42), who was personal counsel to Mr. Lancelotta, and by Howard Rubenstein, Esquire (Tr.15, 111-112, 114-15), who was bankruptcy counsel to Wyndholme Village, LLC. Copies of these portions are

---

[2]Fisher's cards which he distributed to Messrs. Lancelotta, Coon and Rubenstein stated The NADIF Group to be a real estate equity and development fund. *See* Rubenstein deposition, at 114-15; Lancelotta, at 104-05. A copy of the card is attached hereto.

attached to Paper No. 54.

The discovery to date and, in particular, the deposition of the corporate designees of NADIF of Wyndholme, LLC, WV I, LLC and John R. Quinn, reflect that none of these Defendants know or care to say or are able to identify any of the assets of the North American Doctors Investment Fund, Inc. It should be emphasized again at this point that Defendant Fisher failed to appear at deposition on July 8, 2003 as ordered by the Court. Defendant Fisher, who is an attorney, also failed to respond to the discovery that this Court recently ordered. (Paper No. 62). Plaintiffs, therefore, could not learn from Mr. Fisher, the CEO of North American Doctors Fund, Inc., whether it was, in fact, an equity fund with the assets he claimed in 1999 it had.

Based on a canceled check, a copy of which Plaintiffs attached to the subpoena in question, Plaintiffs have reason to believe that the North American Doctors Investment Fund, Inc. banked with the Bank of America and that this account might provide information relating to the assets or, more likely than not, the lack thereof on the part of North American Doctors Investment Fund, Inc. The accounts may reflect that they were used as personal accounts while holding out the North American Doctors Investment Fund, Inc. as a real estate and development fund, as reflected on his business cards. Likewise, the other entities which Plaintiffs have determined by virtue of their name and the name of the directors from the records of the Florida Department of State are or may be other single purpose entities related to Defendant Fisher and "NADIF" and to North American Doctors Investment Fund, Inc.

4

Defendants to date have stated that they do not know anything about North American Doctors Investment Fund, Inc.  Nonetheless, they moved to block the production of information related to that entity's bank account. Defendants are utilizing the subpoena to block what they must perceive to be harmful information.

Defendants state that the production of banking records here would lead to the disclosure of confidential information, but do not specify.  Defendants speculate. Only Mr. Fisher would appear to know whether there is confidential information.  Mr. Fisher, however, has absconded from this litigation.  Defendants also state that the blanket production of bank records would impinge upon the attorney-client privilege. Many things are possible, but Defendants do not even begin to suggest how the banking records contain communications seeking or providing legal advice. Defendants assert the burdensomeness of production without specification.

In conclusion, Rule 26(b)(2) and Discovery Guideline 9(c) impose an affirmative duty on Defendants as the objecting party to particularize with facts, not conclusory statements, the basis for their objections. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D.Md. 2000) (Grimm, M.J.).

<div style="margin-left:40%">

_____
Howard J. Schulman
SCHULMAN & KAUFMAN, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland  21201
(410) 576-0400
Attorneys for Plaintiffs and
Counter-Defendants

</div>

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 11th day of July, 2003, copies of the foregoing

Memorandum In Opposition to Defendants' Motion (Paper No. 65) to Quash Subpoena to

Bank of America were mailed first-class, postage prepaid, to Stuart C. Fisher, 173 Root Trail,

Palm Beach, Florida 33480, and to Jacqueline Jones, Legal Support Unit #MD4-325-03-

63 Supervisor and Resident Agent for Bank of America, N.A., 100 S. Charles Street, 3rd

Floor, Baltimore, Maryland 21201.


_____
Howard J. Schulman