IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WYNDHOLME VILLAGE, LLC, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION NO.: 01-3809 |
| NADIF OF WYNDHOLME, LLC, *et al.*, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MOTION FOR ORDER COMPELLING STUART CORNELIUS FISHER
TO APPEAR AT DEPOSITION IN ACCORDANCE WITH THIS COURT'S
ORDER OF JUNE 16, 2003 (PAPER NO. 62) TO PROVIDE DISCOVERY
<u>AND APPEAR AT DEPOSITION</u>

Plaintiffs, James Lancelotta, Katherine Lancelotta and Wyndolme Village, LLC, by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, state as follows:

1. This Motion seeks an order compelling Stuart Cornelius Fisher to appear at deposition in Maryland as a witness, despite the pendency of his attempts to reopen his closed bankruptcy case in the United States Bankruptcy Court for the Northern District of Florida, Case No. 01-00539-GVL1. Alternatively, Plaintiffs request that this Court stay this action, while the Plaintiffs seek permission of the Bankruptcy Court to stay these proceedings.

2. By Order entered on June 16, 2003 (Paper No. 62), the Court directed the Defendant, Stuart Cornelius Fisher, to answer interrogatories on or before June 27, 2003

and to appear at deposition at a time and location chosen by Plaintiffs before the close of discovery, i.e., before July 16, 2003.  Immediately thereafter, Plaintiffs' counsel mailed Fisher a letter to the address of record with this Court in which counsel advised that his deposition was being noted for Tuesday, July 8, 2003, in Baltimore, Maryland.  Counsel also enclosed copies of unanswered Interrogatories and Request for Production of Documents.

       3.       By fax dated July 13, 2003, Fisher stated that he was unable to attend the deposition in Baltimore by virtue of a heart condition.  He also advised that he had no papers regarding this matter as all of his files and information were given to Gotham Partners, one of Fisher's partners according to the discovery in this case.  Copies of the exchange of correspondence are attached hereto.

       4.       By letter dated July 15, 2003, counsel responded to Fisher's letter and advised that the parties had reserved July 17, 2003 for his deposition here in Baltimore, Maryland.   A copy of this letter is attached.

       5.       By letter dated July 16, 2003, undersigned counsel received a July 16, 2003 letter from Michael D. Bruckman, Esquire, an attorney in Gainesville, Florida, who advised that Fisher had filed a motion to reopen his bankruptcy case in order to ensure that the claims of Plaintiffs in this action are discharged by his bankruptcy case.  A copy of this letter is attached hereto.

       6.       Undersigned counsel wrote to Mr. Bruckman on July 17, 2003 requesting

that Fisher file a Suggestion of Bankruptcy and that he provide undersigned counsel copies of any such motion. On July 31, 2003, Fisher, through Mr. Bruckman, filed a Suggestion of Bankruptcy with this Court. Neither Fisher's new counsel nor Fisher bothered to send Plaintiffs' counsel a copy of the motion. Plaintiffs' counsel has requested a copy from the Court, as well as a copy of an Order entered August 4, 2003 by the Bankruptcy Court in Florida reopening Case No.: 01-00539-GVL1.

7. Assuming that the stay provision of 11 U.S.C. § 362 is applicable, it does not immunize Fisher from being a witness. Fisher has essential information concerning this case. Fisher's and the other Defendants' affiliations and business dealings are completely interwoven with one another in their dealings, relationships and common interests and have acted through straw entities, NADIF of Wyndholme, LLC and WV I, LLC. The specific nature of the relationships is detailed in ¶ 20 of the Amended Complaint. These allegations are supported by the discovery to date in these proceedings. *See* attachments to Paper No. 54. Fisher's conduct in bankruptcy proceedings and use of shell entities, along with those of the other Defendants in this case, is a specific part of the allegations contained in the Amended Complaint as set forth in ¶¶ 20-24 of the Amended Complaint. Fisher, from the records on file with this Court, was the organizer of NADIF of Wyndholme, LLC and WV I, LLC and appears to have been, at all relevant times, a partner involved with the other Defendants in their enterprise related to Wyndholme Village.

8.  Fisher has relevant information concerning this case that the other Defendants state they do not have. A central allegation in this case is whether the North American Doctors Investment Fund, Inc. had any assets during the relevant times in 1999.

> [Defendant] Fisher, in the presence of Quinn and Zukerman, told Lancelotta that the three of them were successful and reputable developers and were principals of North American Doctors Investment Fund, which Fisher told Lancelotta had assets in excess of $500 million. Fisher told Lancelotta that North American Doctors Investment Fund would be able to obtain the millions of dollars required to pay off the existing debt and to finance the completion of the project. Fisher also told Lancelotta that if NADIF could not obtain financing from a third party, NADIF had more than enough assets to make the loan itself. Fisher told Lancelotta that North American Doctors Investment Fund always operated through single purpose subsidiaries, which, in this case, would be NADIF. Fisher described to Lancelotta his role in North American Doctors Investment Fund and NADIF as that of being the rainmaker for investment funds, that Quinn was a successful and highly regarded real estate developer and that Zukerman brought with him particularized financial expertise in implementing financing for projects such as Wyndholme.

*See* Complaint, ¶ 12. None of the other Defendants have been able to produce any information concerning the assets of the North American Doctors Investment Fund, Inc. although it appears without dispute in this case that both Fisher and Zukerman provided Lancelotta, Coon and Rubenstein with their business cards from North American Doctors Investment Fund, Inc. Although this card reflected that he was the Chief Financial Officer of North American Doctors Investment Fund, Inc., Zukerman testified at deposition that he had no information concerning the assets of that entity. *See* attached

portions of Zukerman deposition, Tr. 94-100, and attached business cards.

9. Through Fisher's deposition, Plaintiffs might be able to develop evidence thatNorth American Doctors Investment Fund, Inc. had no assets during the relevant time in 1999 and was merely a vehicle for fraud. Although there may be a stay in place, Plaintiffs are not aware of any authority that would prevent Fisher from being a witness based on the stay provisions of 11 U.S.C. § 362. Moreover, this case is not stayed as to the other Defendants. *United States For the Use and Benefit of Central Building Supply, Inc. v. William F. Wilke, Inc.,* 685 F.Supp. 936 (D.Md. 1988)(Smalkin, J.), *citing A.H. Robbins Company v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986).

10. Plaintiffs will seek a lift of the stay in the Florida Bankruptcy Court, upon receiving Fisher's motion to reopen and the Court's Order of August 4, 2003. Count I in this case alleges, in part, a fraud not only on the Plaintiffs, but the Bankruptcy Court here in this district. Additionally, Count II in this action, which seeks equitable relief, alleges, among other things, that the Defendant Fisher misused the bankruptcy system, including Bankruptcy Case No. 01-00539-GVL1, which is the subject of Fisher's Suggestion of Bankruptcy.[1] During the prior proceedings in Case No. 01-00539-GVL1, Fisher did not

---

[1]The Amended Complaint, ¶23 alleges:

23. On August 14, 1995, Fisher filed a Voluntary Petition under Chapter 7 in the United States Bankruptcy Court for the Eastern District of New York (Brooklyn) (Petition No. 95-16927). Among the $16,649,806.05 in total liabilities, Fisher listed $2.4 million owed to the Internal Revenue Service and $175,000 to the State of Virginia Department of Taxation. On August 20, 2001,
(continued...)

disclose assets and business interests that he had related to the Wyndholme project, as well as other projects, to the United States Bankruptcy Court for the Northern District of Florida.

WHEREFORE, for the aforementioned reasons, Plaintiffs respectfully request that the Court order Stuart Cornelius Fisher to appear at deposition in Baltimore, Maryland on or before September 30, 2003 or, alternatively, to stay these proceedings pending the

---

[1](...continued)
Fisher again filed a Voluntary Petition under Chapter 7, albeit in the United States Bankruptcy Court for the Middle [sic] District of Florida (Gainesville) (Petition No. 01-00539),  and was discharged on December 20, 2001.  Fisher listed a $1,028,228.48 claim by the Internal Revenue Service of the total $1,053,928.48 in liabilities. Fisher also filed a Chapter 11 proceeding in the United States Bankruptcy Court for the Western District of Virginia (No. 90-00414).  Fisher also conveyed his personal residence in Charlotte, North Carolina, and certain properties in Albemarle County, Virginia, to a newly-formed Virginia corporation, Wychwood Stables, Inc., and placed that corporation immediately into Chapter 11 reorganization.  Additionally, an entity controlled by Fisher and Quinn, in their capacity as trustees, Rookery Walk, Inc., f/k/a Terra Ceia Isles, Inc., was the subject of a Chapter 11 proceeding filed in the United States Bankruptcy Court for the Middle District of Florida (Tampa Division) (Case No. 92-2322.

litigation of the stay in the United States Bankruptcy Court for the Northern District of Florida in Case No.: 01-00539-GVL1.

                                                              Howard J. Schulman
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2003, copies of the foregoing Motion were mailed, postage prepaid, to Stuart C. Fisher at the following addresses: 173 Root Trail, Palm Beach, Florida 33480, 164 Seminole Avenue, Palm Beach, Florida 33480 and 2118 Wilshire Boulevard, Santa Monica, California 90403, and Michael D. Bruckman, Esquire, Michael D. Bruckman, P.A., 1624 N.W. 6th Street, Gainesville, Florida 32609, attorney for Stuart C. Fisher.

                                                              Howard J. Schulman