IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, et al.  :
:
v.  : CIVIL NO. L-01-3809
:
NADIF OF WYNDHOLME, LLC, et al.  :

## ORDER

Pending are various discovery motions. Having reviewed the parties' submissions, the Court concludes that no hearing is necessary. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court hereby:

(i) DENIES Defendants' Motion to Quash the Subpoena Issued to Bank of America (Docket No. 65);

(ii) GRANTS Plaintiffs' Motion to Compel Bank of America to Comply with the Subpoena (Docket No. 67);

(iii) GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Compel Stuart Fisher to Participate in Discovery (Docket No. 70) as follows:

 (a) within 45 days from the date of this order, Mr. Fisher shall submit to a deposition duces tecum, and

 (b) Mr. Fisher shall not, at this juncture, be required to respond to interrogatories or requests for production;

(iv) STAYS the case as to Stuart Fisher. As detailed above, Mr. Fisher shall submit to non-party discovery techniques, namely a deposition duces tecum. Counsel shall continue to copy Mr. Fisher on all correspondence, in the event the bankruptcy stay is lifted; and

(v) EXTENDS the deadlines in this case as follows:

    (a)    on or before October 27, 2003, the parties shall file supplemental briefs incorporating the additional discovery provided for in this Order. The supplemental briefs shall be no longer than 10 pages,

    (b)    on or before November 10th, opposition briefs are due,

    (c)    on or before November 21st, reply briefs are due, and

    (d)    at 3:00 p.m. on January 30th, the Court will hold oral argument on the parties' motions for summary judgment.

## I.    BANK OF AMERICA SUBPOENA

Plaintiffs Wyndholme Village, LLC, James Lancelotta, and Katherine Lancelotta ("collectively referred to as "Plaintiffs") served a subpoena on Bank of America ("BOA") to produce documents pursuant to Federal Rule of Civil Procedure 45. BOA objected to the Plaintiffs, but the objection appears to be *pro forma*. Defendants NADIF of Wyndholme, LLC, WVI, LLC, John R. Quinn, and Howard Zukerman (collectively referred to as "Wyndholme") have filed a motion to quash the subpoena, which outlines their arguments against the subpoena in summary fashion.

The Court's analysis is hampered because no party has supplied a copy of the subpoena. Nevertheless, the Court DENIES the motion to quash and GRANTS the motion to compel, on the following grounds:

    (i)    all of the entities for which bank records are requested appear to be related;

    (ii)    Wyndholme has not made a showing that the corporate entities, which are the subject of the subpoena to BOA, are completely unrelated; and

    (iii)    there has been no showing that complying with the subpoena will be burdensome.

If the defendants wish to copy the bank records in question, Plaintiffs are required to make the records available to any defendant, subject to payment by the defendant of the costs of copying the requested documents.

## II.   STUART FISHER AND HIS PARTICIPATION IN DISCOVERY

By Order dated June 26, 2003, the Court granted Plaintiffs' Motion to Compel Stuart Fisher to participate in discovery. In response, Mr. Fisher, appearing *pro se*, sent Plaintiffs' counsel a letter, with a copy to the Court, explaining that he is suffering from severe heart problems, which Mr. Fisher claims prevent him from taking part in discovery. Mr. Fisher, however, has made no effort to substantiate his claim of illness by supplying medical records or a note from his doctor.

On August 15th, Mr. Fisher filed a suggestion of bankruptcy. His bankruptcy filing, however, does not affect the ability of other parties to this case to take his deposition and to require him to produce documents at the deposition. Non-party witnesses and parties protected by a bankruptcy stay are subject to discovery by deposition, although not discovery by interrogatories or document requests.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel, as follows:

(i)   within 45 days from the date of this Order, Mr. Fisher shall submit to a subpoena duces tecum, subject to the normal rules governing obtaining a deposition subpoena and paying a witness fee;

(ii)  given his medical history, if Mr. Fisher believes that a deposition would be harmful, he must file a motion for a protective order within 10 days of the date of this order, which shall include his full medical records. If Plaintiffs' counsel, Mr. Schulman, is not satisfied with Mr. Fisher's motion, then Mr. Shulman may file a motion to compel. Mr. Fisher is advised that the Court would likely permit threshold discovery into the medical records offered before relieving Mr. Fisher of his discovery obligations; and

(iii) given the age of this case, the Court is not inclined to stay the case entirely, but the case will be stayed as to Mr. Fisher.  Counsel shall continue sending copies of all correspondence to Mr. Fisher, to enable him to participate in the case if the stay is lifted.

It is so ORDERED this 25th day of August, 2003.

                                                                                                                                       _____/s/_____  
                                                                                                                                       Benson Everett Legg  
                                                                                                                                       Chief Judge