IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WYNDHOLME VILLAGE, LLC, *et al.*, | * | |
| Plaintiffs and Counter-Defendants | * | |
| v. | * | Civil Action No. L01-3809 |
| NADIF OF WYNDHOLME, LLC, *et al.*, | * | |
| Defendants and Counter-Plaintiffs | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL AFFIDAVIT OF JAMES M. LANCELOTTA

1.  My name is James M. Lancelotta. My address is 8244 Church Lane Road, Ellicott City, Maryland 21043. I am over 21 years of age. I am competent to testify. I have personal knowledge of the matters set forth herein.

2.  The Defendants in their Memorandum, at page 18, quote a portion of my testimony from the February 11, 2000 Bankruptcy Court proceeding. It was my understanding from the beginning that NADIF of Wyndholme, LLC, based on what Fisher had told me, did not intend to use its own funds to finance the Wyndholme Village project but, nonetheless, funds of North American Doctors Investment Fund, Inc. would be available as a last resort. Fisher, Zukerman and Quinn made it clear to me from the outset that North American Doctors Investment Fund, Inc. had no intention of funding a construction loan but if, for any reason, the resources did not secure the required financing, North American Doctors Investment Fund, Inc. would provide the funding. That was why ¶ 10 was worded as it was.

3. Mr. Zukerman states in his testimony that Gotham had presented me with the opportunity of its providing me with a $2,000,000 letter of credit in December 1999 and that I rejected this would-be letter of credit. To my knowledge, no one has ever advised me that or anyone with whom I am associated that Gotham had ever offered to provide me with a letter of credit for the Wyndholme project. I had no contact with Gotham although I dealt with Stephen Garchik on a limited basis.

4. The Defendants have pointed in their Memorandum to the "guarantee" provision in ¶ 9 of the July 8, 1999 Joint Venture Agreement in comparison to the language in ¶ 10 of the August 30, 1999 Venture Agreement. In the course of the discussions immediately before the August 30, 1999 Venture Agreement, Mr. Coon and I insisted that NADIF's agreement to guarantee a construction loan to a would-be lender would be meaningless to assuring that financing for the construction loan was put in place. Thus, the language in ¶ 10 of the August 30, 1999 Venture Agreement "shall cause a commitment or a term sheet to be issued for construction financing and the initial funding under such construction which must commence funding within 120 days..." was written by Ricardo Fraga, Defendants' counsel, in order to meet our concerns that NADIF would fund the project if it could not find another source for the funding.

5. The handwritten Addendum to the August 30, 1999 agreement, which was signed by Stuart Fisher and me on August 31, 1999 in the early morning hours states:

> I (we) agree that the interest payments accuring (sic) and due
> monthly under paragraph 23(i) shall be paid out of available

> cash flow. If cash flow is not available then shall be defered (sic) until cash flow is available or when loan is due, which ever occurs first.

I insisted on this language being included in the contract. At first, Fisher and Quinn balked at doing so. Ultimately, it was included. The purpose of this provision was to prevent Wyndholme Village, LLC and the individual parties (Plaintiffs here) from being declared in default should there be any form of delay in construction or funding by NADIF.

> NADIF of Wyndholme, LLC shall cause the above terms to be implimented (sic) as it relates to the interest earned on the loan purchased by WV I, LLC from Metropolitan Savings Bank of Cleveland.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the above is true and correct.

                                                James M. Lancelotta

Date:_____

> cash flow. If cash flow is not available then shall be defered (sic) until cash flow is available or when loan is due, which ever occurs first.

I insisted on this language being included in the contract. At first, Fisher and Quinn balked at doing so. Ultimately, it was included. The purpose of this provision was to prevent Wyndholme Village, LLC and the individual parties (Plaintiffs here) from being declared in default should there be any form of delay in construction or funding by NADIF.

> NADIF of Wyndholme, LLC shall cause the above terms to be implimented (sic) as it relates to the interest earned on the loan purchased by WV I, LLC from Metropolitan Savings Bank of Cleveland.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the above is true and correct.

Date: September 8, 2003

James M. Lancelotta