IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, *et al.*,   *

    Plaintiffs and Counter-Defendants   *

v.   *   Civil Action No. L01-3809

NADIF OF WYNDHOLME, LLC, *et al.*,   *

    Defendants and Counter-Plaintiffs   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

RULE 56(f) AFFIDAVIT OF COUNSEL

1.    My name is Howard J. Schulman. My business address is Schulman & Kaufman, LLC, One Charles Center, Suite 600, 100 N. Charles Street, Baltimore, Maryland 21201. I am Plaintiffs' counsel in this case. I have personal knowledge of the matters set forth herein. I am over 21 years of age. I am competent to testify.

2.    I am submitting this Affidavit out of an abundance of caution, in accordance with what I understand to be the mandates of Rule 56(f), because some members of this Court, such as Judge Smalkin, require a Rule 56(f) Affidavit from counsel. My statements are based on my personal knowledge and, where indicated, are based on my professional opinion and judgment. I have been authorized by Plaintiffs and Counter-Defendants in this case to submit this Affidavit on their behalf.

3.    Although the Defendants do not challenge in their Motion for Summary Judgment that North American Doctors Investment Fund, Inc. or the NADIF group did not exist or that they had any assets of any appreciable, the other Defendants in this case have

stated that they have no information concerning the assets of North American Doctors Investment Fund, Inc. or the NADIF group. It appears that only Stuart C. Fisher has such information. Plaintiffs have unsuccessfully attempted to depose Mr. Fisher on several occasions. The Court most recently has ordered that Mr. Fisher submit to a deposition within 45 days. Additionally, the Court has quashed the motion of Bank of America for the subpoena issued to it for the banking records of North American Doctors Investment Fund, Inc.

      4.    Based on the information stated in the foregoing paragraph, the purpose of this Affidavit is to request the Court that should there be any issue concerning the existence or assets of North American Doctors Investment Fund, Inc., the Court continue these proceedings in order to permit Plaintiffs to obtain the deposition of Stuart C. Fisher and the Bank of America.

      Pursuant to 28 U.S.C., § 1746, I affirm under the penalty of perjury that the foregoing is true.

                                      Howard J. Schulman

Date:  September 8, 2003

have stated that they have no information concerning the assets of North American Doctors Investment Fund, Inc. or the NADIF group. It appears that only Stuart C. Fisher has such information. Plaintiffs have unsuccessfully attempted to depose Mr. Fisher on several occasions. The Court most recently has ordered that Mr. Fisher submit to a deposition within 45 days. Additionally, the Court has quashed the motion of Bank of America for the subpoena issued to it for the banking records of North American Doctors Investment Fund, Inc.

4. Based on the information stated in the foregoing paragraph, the purpose of this Affidavit is to request the Court that should there be any issue concerning the existence or assets of North American Doctors Investment Fund, Inc., the Court continue these proceedings in order to permit Plaintiffs to obtain the deposition of Stuart C. Fisher and the Bank of America.

Pursuant to 28 U.S.C., § 1746, I affirm under the penalty of perjury that the foregoing is true.

_____
Howard J. Schulman

Date:  September 8, 2003