IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WYNDHOLME VILLAGE, LLC, *et al.*, | * | |
| Plaintiffs and Counter-Defendants | * | |
| v. | * | Civil Action No. L01-3809 |
| NADIF OF WYNDHOLME, LLC, *et al.*, | * | |
| Defendants and Counter-Plaintiffs | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

COUNTER-DEFENDANTS' RESPONSE AND MEMORANDUM
IN OPPOSITION TO COUNTER-PLAINTIFF NADIF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON AMENDED COUNTER-CLAIM (PAPER NO. 72)

Counter-Defendants, Wyndholme Village, LLC, James Lancelotta and Katherine Lancelotta, by their attorneys, Howard J. Schulman and Schulman and Kaufman, LLC, in response and opposition to Counter-Plaintiff NADIF's Motion for Partial Summary Judgment on Amended Counter-Claim (Paper No. 72), state as follows[1]:

The August Venture Agreement also sets the terms for repayment of the above loans. It states that the $750,000 secured loan to Wyndholme must be repaid to NADIF on the earlier of "(a) the closing and initial funding of a construction loan…(b) two years following the effective date of the [promissory note], or (c) upon a liquidation or bulk sale of all or a portion of the [Wyndholme Village] Property." *Id*. at ¶ 3. It further

---

[1] Plaintiffs incorporate by reference their Response and Memorandum in Opposition to Defendants' Motion for Summary Judgment (Paper No. 71).

states that the $100,000 personal, unsecured loan to Mr. and Mrs. Lancelotta must be repaid to NADIF on the earlier of "(i) two years following the closing and initial funding of the Phase 1A Construction Loan, or (ii) two years following the effective date of the [loan]." *Id*. at ¶ 4. Finally, it states that the $150,000 unsecured loan to Wyndholme must be repaid to NADIF on the earlier of "(i) funding of the Phase 1A Construction Loan, or (ii) one year following the effective date of the [loan]." *Id*.

Defendants, in their role as Counter-Plaintiffs, argue that they are entitled to summary judgment. It is the law of Maryland, however, that performance of the contract by the party suing on it is a condition precedent to recovery under Maryland law. Thus, where a contractual duty is a condition precedent to recovery, non-performance of the condition bars recovery. *Hubler Rentals, Inc. v. Roadway Express, Inc.*, 637 F.2d 247, 260 (4th Cir. 1981). Additionally, Maryland law recognizes an implied covenant of good faith and fair dealing in contracts prohibits one party from acting in such a manner as to prevent the other party from performing his obligations under the contract. *Edell & Associates, P.C. v. Law Offices of Peter Angelos*, 264 F.3d 424, 444 (4th Cir. 2001). Neither Lancelotta nor NADIF had any obligation under the contract after the initial $7 million construction funding was not provided. Thus, the construction loan was a condition precedent to any duties on the part of any of the Counter-Defendants. That the construction financing was of principal importance to the agreement and developing a cash flow so that the NADIF and WVI loans could be paid off is borne out by the

Addendum to the August 30, 1999 Venture Agreement, which provided for the deferral of interest payments, pending the establishment of cash flow from the sale of condominium units, which in itself necessarily depended upon construction financing. *See* attached Supplemental Affidavit of James Lancelotta, ¶ 5.  Thus, NADIF's breach of contract and fair dealing prevented Counter-Defendants from performing their obligations under the contract and repaying the NADIF loans.

Counter-Plaintiff not only breached an implied covenant of good faith and fair dealing but its recovery also should be barred by the doctrine of "equitable estoppel", a common law principle that operates as a defense to a claim at law.   Thus, an estoppel arises to prevent a party from relying upon a right of property or contract, both at law and in equity.  It is a technical rule to prevent a party from asserting rights where it would be inequitable and unconscionable to assert those rights.  An essential element of the doctrine is that a party claiming the benefit of the estoppel must have been misled and changed his position for the worst, leaving him to rely upon the representations of the party sought to be estopped.  *Impala Platinum, Ltd. v. Impala Sales (U.S.A.), Inc.*, 283 Md. 296, 322 (1978).  Here, there is an abundance of fraud which has led the Counter-Defendants to change their position for the worse.   To permit these particular Defendants/Counter-Plaintiffs to recover would be unconscionable, given the manner in which the fraud arose in this case. How could Counter-Defendants ever recover from their association with the Counter-Plaintiffs after the November, 1999, newspaper articles

exposing Fisher and Quinn as frauds?

WHEREFORE, Counter-Defendants respectfully request that Counter-Plaintiff's Motion for Partial Summary Judgment on Amended Counter-Claim (Paper No. 72) be denied.

Howard J. Schulman
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiffs and
Counter-Defendants
