IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYNDHOLME VILLAGE, LLC, *et al.*,  *

    Plaintiffs and Counter-Defendants  *

v.  *  Civil Action No. L01-3809

NADIF OF WYNDHOLME, LLC, *et al.*,  *

    Defendants and Counter-Plaintiffs  *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM IN SUPPORT OF PLAINTIFFS
AND COUNTER-DEFENDANTS'
MOTION TO STRIKE FISHER AFFIDAVIT
AND ATTACHMENTS THERETO FROM PAPER NO. 79

Now come the Plaintiffs and Counter-Defendants, Wyndholme Village, LLC, James Lancelotta and Katherine Lancelotta, by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and, in support of their Motion to Strike, state:

INTRODUCTION

In *DeCintio v. Westchester County Medical Center*, 821 F.2d 111, 114 (2d Cir. 1987), the Court of Appeals found that by failing to object at the District Court level to the admission of unsworn attachments to affidavits, the appellant had waived any objection.  Likewise, in *Davis v. Sears, Roebuck and Co.*, 708 F.2d 862, 864 (1st Cir.1983), the Court held that if a party submits an inadmissible affidavit and the opposing party does not move to have the affidavit stricken, any objections to its consideration are deemed to have been waived and the affidavit may properly be considered by the Court when ruling on the motion.  Numerous other Circuits have held that a failure to object to inadmissible affidavits acts as a waiver of the objection.  *See McCloud River R.R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879, 882 (5th Cir.1984); *Auto Drive-Away Co. of Hialeah, Inc. v. I.C.C.*, 360 F.2d 446, 448-449 (5th

Cir.1966); *Klingman v. National Indem. Co.*, 317 F.2d 850, 854 (7th Cir.1963); *United States v. Western Electric Co.*, 337 F.2d 568, 575 (9th Cir.1964); *Noblett v. General Elec. Credit Corp.*, 400 F.2d 442 (10th Cir.), *cert. denied*, 393 U.S. 935 (1968). *See also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2738.

## ARGUMENT

A Rule 56(e) affidavit must present evidence in substantially the same form as if the affiant were testifying in court. *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Rule 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge. *Id*. Summary judgment affidavits cannot be conclusory, *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir.1990), or based upon hearsay, *Maryland Highway Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir.), *cert. denied*, 502 U.S. 939 (1991).

The District Court, in *Evans v. Technologies Applications & Services Co.*, 875 F.Supp. 1115 (D. Md. 1995), conducted an in-depth examination of the plaintiff's affidavit, striking portions of the document on grounds of irrelevance, lack of personal knowledge and inconclusiveness. *Id.*, at 1120-1121. The close degree to which the Court examines the affidavit can be seen at one point in the opinion where it states in reference to paragraph six of the document "Accordingly, the Court will strike the first sentence and the first four words of the second sentence." *Id.*, at 1120. The Court is not only breaking the affidavit down into paragraphs and sentences, but into individual words as well.

In *Antonio v. Barnes*, 464 F.2d 584 (4th Cir. 1972), an inmate brought suit alleging that conditions in the prison where he was confined were unfit for human habitation. The defendants, assistant superintendents at the prison, moved for summary judgment, filing

their personal affidavits in support thereof. The District Court granted the motion which the Court of Appeals then reversed. The Court of Appeals, examining the "face of the affidavits," concluded that although there was a recital that the affiants were "competent to make this affidavit," there was no showing that the statements contained in the affidavits were made on the basis of personal knowledge. *Antonio*, at 585. The Court stated:

> The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits and, accordingly, summary disposition based thereon was improper.

*Id*.

Even where affidavits set forth sufficient facts to sustain a motion for summary judgment, if, on their face, they do not establish that the affiant's statements are based on personal knowledge, the motion will be denied. *Catawba Indian Tribe v. State of South Carolina*, 978 F.2d 1334, 1341 (4th Cir. 1992).

In *Barwick v. Celotex Corp.*, 736 F.2d 946 (4th Cir.1984), an asbestos action, the Court of Appeals upheld the District Court's rejection of the plaintiff's Rule 56(e) affidavit, stating:

> The entire content of the affidavit is conclusory, it does not set forth facts of which the plaintiff has personal knowledge and it does not give specific facts, but only generalities.

*Id.*, at 960. A statement of subjective belief is not sufficient under Rule 56(e). An affidavit must be based on personal knowledge, not "intuition." *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 945 (4th Cir. 1992). Similarly, an affidavit cannot be based on conjecture. *McDonald v. Cabot Corp.*, 914 F.Supp. 1356 (S.D. W.Va.1996). In *McDonald*, the Court stated:

> Plaintiff neither indicates the source of that information nor supplies any independent evidence to confirm it. Plaintiff has not attempted to show he

> is competent to testify on the matter or that the statement is based on personal knowledge. As far as the Court is able to ascertain, Plaintiff's allegation is nothing more than mere conjecture.

*Id.*, at 1360. Affidavits lacking in foundation are to be disregarded. *Davenport v. Casteen*, 878 F. Supp. 871, 878 (W.D. Va.1995). Affidavits submitted in connection with a summary judgment motion must be supported by specific facts. *Rohrbough*, 916 F.2d at 975 n.10. *See also Human Resources Institute v. Blue Cross of Va.*, 484 F.Supp. 520, 526 (E.D. Va. 1980) (court strikes those portions of affidavit based upon "information and belief").

As stated by this Court in *Evans v. Technologies Applications & Services Co.*, 875 F. Supp. 1115 (D. Md.1995):

> ... it is clear from Ms. Evans' statement "to the best of my knowledge" that she does not have personal knowledge...

*Id.*, at 1120.

In *McLaughlin v. Copeland*, 435 F. Supp. 513 (D. Md. 1977), the Court rejected the appellants' attempt to transfer the appendix of their brief into an affidavit. The Court stated:

> Simply put, the Appendix is not an affidavit. McLaughlin may represent that all of it is based on personal knowledge, but this bald assertion in face of a document which is replete with conjecture and speculation strains the court's credulity.

*Id.*, at 521. *See also Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972) (Absence of affirmative showing of personal knowledge of specific facts vitiates sufficiency of affidavit).

> It is Fed.R.Civ.P. 56(e) which governs the sufficiency of the affidavit in this case, and this rule unambiguously requires that the affidavit recite facts based on personal knowledge. Statements based on "information" from other sources or personal beliefs are likely to be inadmissible under Fed.R.Evid. 802, 701.

4

*Malina v. Baltimore Gas & Electric Company*, 18 F. Supp. 2d 596, 604 (D. Md. 1998).

In *Howard v. Malcolm*, 658 F. Supp. 423 (E.D. N.C. 1987), defendant, in opposing plaintiff's motion for admissions, states "this defendant believes that a written certification of occupancy was posted in the subject housing." The Court stated:

> [T]he response is based only on "belief," that belief is obviously not based on personal knowledge...as Rule 56(e) requires.

*Id*., at 434. *See also EEOC v. Clay Printing Co.*, 955 F.2d 936, 945 (4th Cir. 1992) (Statement of subjective belief insufficient; affidavit not based on personal knowledge but on intuition).

In *Human Resources Ins. of Norfolk v. Blue Cross of Virginia*, 484 F. Supp. 520, 526 (E.D. Va. 1980), the Court struck those portions of affidavits that were not based on personal knowledge but were, for example, based upon "information and belief".

Respectfully submitted,

HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland  21201
(410) 576-0400
Attorneys for Plaintiffs and
Counter-Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2003, a copy of Plaintiffs and Counter-Defendants' Memorandum in Support of Plaintiffs and Counter-Defendants' Motion to Strike Fisher Affidavit and Attachments Thereto from Paper No. 79 was mailed first-class, postage prepaid, to Stuart C. Fisher, 164 Seminole Avenue, Palm Beach, Florida 33480.

_____

Howard J. Schulman