IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WYNDHOLME VILLAGE, LLC,** *et al.* | * | |
| **Plaintiffs and Counterdefendants** | * | |
| v. | * | CIVIL ACTION NO. L01-3809 |
| **NADIF OF WYNDHOLME, LLC,** *et al.* | * | |
| **Defendants and Counterplaintiffs** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO MOTION TO STRIKE
### FISHER AFFIDAVIT AND ATTACHMENTS
### THERETO FROM PAPER NO. 79

In their Reply Memorandum in Support of Summary Judgment (Paper No. 79) defendants, NADIF of Wyndholme, LLC, WVI, LLC, John ("Jack") Quinn, and Howard ("Rusty") Zukerman ("defendants") observed in a footnote that defendant Stuart Cornelius Fisher was not a party to the summary judgment motion, that the case had been stayed as to Fisher, and that Fisher had resigned as a trustee and agent for NADIF of Wyndholme, LLC ("NADIF"). To evidence the last point, the defendants attached an affidavit executed by Fisher in September 2002 by which he resigned from NADIF.

Plaintiffs, Wyndholme Village, LLC, James M. Lancelotta and Katherine A. Lancelotta, have now filed a motion to strike the affidavit of Stuart Fisher. The basis of the motion is not entirely clear. The plaintiffs' supporting memorandum recites law to the effect that affidavits may be stricken, and may not be relied upon in deciding summary judgment motions under Rule 56, where the affidavits present evidence that is not admissible and, in particular, when the affidavits are based on "information and belief." But the supporting memorandum does not identify the perceived deficiencies in

#357278

the Fisher affidavit, nor does it explain why the affidavit should be stricken.  The motion, itself, however, argues that the Fisher affidavit should be stricken because it would be "inequitable and unfair to permit the defendants to rely upon the Fisher affidavit" given that "Fisher has been the agent of the other Defendants" and that he has not responded to discovery demands in this case.  Motion ¶ 3.  This opposition will respond to that point and, at the same time, briefly discuss the admissibility and "information and belief" issues that the plaintiffs apparently intended to raise by their memorandum.

Preliminarily, it is important to understand what the Fisher affidavit is and is not.  The Fisher affidavit, which was identified and authenticated in the deposition testimony of Stephen McBride (<u>see</u> attached deposition excerpts), was prepared in September 2002, more than ten months before the defendants filed the summary judgment motion that is now at issue.  It was, obviously, not prepared for the purpose of "supporting" a summary judgment motion as anticipated by Rule 56.  Indeed, to the extent that it constitutes notice by Fisher of his resignation, it is in the nature of a corporate document--a document by which Fisher resigns as trustee, or agent, for NADIF.  Although captioned "affidavit" it could just as well have been in the form of a letter, a memo, or even an email.

The Fisher affidavit is attached to the defendants' reply memorandum and is cited in a footnote.  The only purpose of the footnote was to explain that the reply memorandum was being filed only on behalf of the named defendants, and not on behalf of Fisher.  In the process of providing that explanation, the footnote observed that the proceeding had been stayed as to Fisher and that, in any event, he had resigned from any position that he may have held at NADIF.  Thus the <u>only</u> purpose of the footnote was to explain Fisher's absence, and the <u>only</u> purpose of the exhibit was to make the point that

he no longer had any formal affiliation with NADIF. No other point was made in the reply memorandum regarding the substance of the affidavit. Indeed, nowhere in defendants' summary judgment briefing is there an issue that refers to, let alone turns on, Fisher's resignation in 2002.

Against this factual backdrop, the reasons why the motion should be denied should be apparent. First, the fact that Fisher has, from the plaintiffs' prospective, absented himself from the litigation and has now had the litigation stayed as to him, is no reason to strike an affidavit that was executed long before any issues regarding Fisher's participation in the case arose. Second, the defendants' "reliance" on the Fisher affidavit is limited to a minor point that deals only with the current status of Fisher vis-à-vis the litigation, and has nothing to do with the substantive arguments made by the defendants in the summary judgment briefing. Indeed, the only point in the affidavit on which the defendants "rely" at all is that Fisher resigned his position at NADIF. The plaintiffs argue that it would be "unfair" for the defendants to rely on the document because Fisher has been an agent for the defendants. But the defendants are unaware of any issue on summary judgment that turns on Fisher's resignation. And the resignation took place in 2002, long after the events at issue in this case took place--if the plaintiffs wish to make a point regarding Fisher's agency prior to the resignation, they are free to do so unencumbered by the resignation announced in the affidavit.

Third, the plaintiffs relied on at least one, unauthenticated, document authored and/or signed by Fisher, the Triton sales contract, to argue that NADIF had the intention of taking over the Wyndholme property and selling it at a profit in May 2001. See Plaintiffs' Response and Memorandum in Opposition to Defendants' Motion for

Summary Judgment (Paper No. 71) at 17. It would be unfair to allow the plaintiffs to rely on a Fisher document to make a substantive argument while refusing at the same time to allow the defendants to rely on the Fisher affidavit to make a minor point, when NADIF, and the other defendants, have no more control over Fisher's participation in this litigation than the plaintiffs.

Fourth, unlike the cases cited in the plaintiffs' support memorandum, this is not a situation where an affidavit is being submitted on "information and belief" and therefore does not meet the Rule 56 requirement that affidavits be made on "personal knowledge." In his affidavit, Fisher announces that he has resigned. That is not a statement based on "information and belief"--it is a statement of an existing fact regarding Fisher himself. To the extent that the "personal knowledge" standard is even relevant in the context of this particular document, it is self-evident that Mr. Fisher has personal knowledge of his resignation--the sworn statement is the resignation. See, e.g., United States v. County of Arlington, Virginia, 702 F.2d 485 (4th Cir. 1983) (where author obviously has knowledge of facts recited in his statement based on regular job duties, words "personal knowledge" are not required for admissibility under Rule 56).

For the same reason, the fact that the affidavit does not recite that it is made on "personal knowledge" does not make the affidavit inadmissible. First, it is obvious that the affidavit was not prepared for the purpose of a Rule 56 motion--it was generated a year earlier and dealt with issues unrelated to the motion. There would be no need for someone announcing that he had resigned to say that he was making the announcement based on his "personal knowledge." Second, as already discussed, the "personal knowledge" standard simply is inapplicable to a document that, itself, evidences the event

to which reference is made.  See, e.g., Acquisition Corp. v. Durr-Fillauer Medical, Inc., 623 S.2d 85 (Del. Ch. 1992) (notarized demand to inspect corporate records is admissible to show that demand was made).

The plaintiffs apparently felt compelled to challenge the affidavit at this point because they were concerned about waiver.  See Support Memorandum at 2-3.  By challenging the affidavit in the context in which it was used, however, they are forced to rely on arguments that simply have no relevance to the issues in this case.  The defendants have not used the affidavit for any substantive point in the summary judgment briefing and, in any event, Fisher's resignation from NADIF is a fact evidenced by the affidavit, and not something that is simply discussed in or otherwise related to the affidavit.

While the striking of the affidavit would have no bearing on the outcome of the summary judgment motion, there is no legal basis for it to be stricken and, therefore, the motion to strike should be denied.

/s/   William C. Sammons
William C. Sammons, Bar No. 02366
Stephen M. Goldberg, Bar No. 01156
  Tydings & Rosenberg LLP
  100 East Pratt Street
  26th Floor
  Baltimore, Maryland  21202
  (410) 752-9700

Attorneys for Defendants and Counterplaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October 2003, a copy of the foregoing Defendants' Opposition to Motion to Strike Fisher Affidavit and Attachments Thereto from Paper No. 79 was sent by *ECF* to:

> Howard J. Schulman, Esquire
> Schulman & Kaufman, LLC
> One Charles Center
> 100 North Charles Street
> Suite 600
> Baltimore, Maryland 21201
> *Attorneys for Plaintiffs and Counterdefendants*

and by first class mail, postage prepaid to:

> Stuart C. "Neil" Fisher
> 164 Seminole Avenue
> Palm Beach, FL 33480
> *Defendant*

/s/   *William C. Sammons*
William C. Sammons