IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WYNDHOLME VILLAGE, LLC, *et al.*, | * | |
| Plaintiffs and Counter-Defendants | * | |
| v. | * | Civil Action No. L01-3809 |
| NADIF OF WYNDHOLME, LLC, *et al.*, | * | |
| Defendants and Counter-Plaintiffs | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE FISHER AFFIDAVIT AND
ATTACHMENTS THERETO FROM PAPER NO. 79

Now come Wyndholme Village, LLC, James Lancelotta and Katherine Lancelotta, Plaintiffs and Counter-Defendants, by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state as follows:

Defendants' Opposition to the Motion to Strike Fisher Affidavit is calculated to distance the remaining Defendants from Fisher and sever the agency relationship between NADIF of Wyndholme, LLC and Fisher as of November 19, 2002, the date Defendants state that Fisher signed the would-be affidavit in question. Defendants appear to be concerned that Fisher's disobeying a court order that he appear for deposition be construed as an act of an agent of NADIF of Wyndholme, LLC. Here, as Defendants state, they are offering the affidavit to prove the matter asserted that Fisher was no longer an agent or trustee for NADIF after November 19, 2002.

Fisher's affidavit is qualified by the language "to the best of my knowledge,

information and belief." It purports to be notarized by T. J. Fisher, Stuart Fisher's wife. Defendants state that the Fisher affidavit was identified and authenticated in the deposition testimony of Stephen McBride, portions of which are attached to Defendants' Opposition. The attached portion of McBride's deposition, however, merely states that McBride believed that he received a FedEx copy of it from Neil Fisher but could not even point to a cover letter reflecting from whom it was received. The only thing else that McBride could state was that he received it because Fisher was working as an agent of NADIF of Wyndholme. *See* McBride deposition, at 64 (attached to Defendants' Opposition, Paper No. 79). Thus, McBride himself cannot authenticate the affidavit.

Assuming that McBride could somehow authenticate that the document was, in fact, signed by Fisher, the document would, nonetheless, be hearsay; *see* Fed.R.Evid. 801(c); unless it was in proper form for purposes of Rule 56(e). In this instance, however, the affidavit is not made in the form required by Federal Rule 56(e), which requires that the affidavit "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The certification of T. J. Fisher states only that Fisher appeared before his wife and acknowledged that "she" (assumably referring to Fisher) signed the document. His wife's certification does not state that Fisher appeared before her and took an oath. Thus, the document is an unsworn declaration. As an unsworn declaration, it does not comply with 28 U.S.C., § 1746

(Unsworn declarations under penalty of perjury) and, therefore, does not qualify as an affidavit for purposes of Fed.R.Civ.P. 56(e).  Clearly, 28 U.S.C., § 1746 does not permit qualifications such as " to the best of my knowledge, information and belief."  Given the background of this case, Fisher should be held to the penalty of perjury as the words of qualification affixed to his affirmation allow him the wiggle room to escape the penalty of perjury.

     Defendants point to the Triton sales agreement as an unauthenticated document, either authored or signed by Fisher.  *See* Defendants' Opposition, at 3.  This agreement was attached to Paper No. 17 and was produced by Defendants in discovery as part of NADIF's business documents concerning this matter.  This contract was one between Triton and NADIF of Wyndholme, LLC, one which Fisher signed as the "authorized signatory" for NADIF of Wyndholme, LLC.  Defendants do not dispute that NADIF of Wyndholme, LLC entered into this contract with Triton.  Plaintiffs did not offer the Triton agreement to prove the matters asserted therein.  By contrast, Defendants have offered the would-be Fisher affidavit for the purpose of proving that he resigned as NADIF of Wyndholme's agent or trustee. What Plaintiffs dispute in this instance is whether Fisher did, in fact, resign and has no business interest in this matter, particularly given the cross-collateralization agreement involving Fisher and the other Defendants, an agreement by which the Defendants in this case and Fisher cross-collateralized the Wyndholme project with the one located at 1060 Brickell Avenue in Miami, Florida.

*See* McBride deposition, at 84-85; Garchik deposition, at 83-85 & Exhibit No. 4 thereto. (Attached to Paper Nos. 53 & 54).

Defendants state that it is obvious that Fisher has personal knowledge of the facts recited in this statement. It is unclear from the would-be affidavit exactly what knowledge Fisher, in fact, has, as the would-be affidavit is expressed in generalized and conclusory terms. Defendants in this instance have been unable in this case to produce any organizational papers maintained by NADIF of Wyndholme, LLC reflecting that it was anything other than a shell entity. NADIF of Wyndholme, LLC has not maintained any of the records required by 36 Fla. Code, § 608.4101 (copy attached). Thus, there are no documents to verify Fisher's generalized statements.

Defendants state that the so-called Fisher affidavit is akin to a notarized demand for inspection of corporate records, citing *Acquisition Corp. v. Durr-Fillauer Medical, Inc.*, 623 A.2d 85 (Del. Ch. 1992). In that case, however, the demand was properly notarized in accordance with the Delaware Rules. Moreover, the demand itself was not being offered for proof of the matters asserted therein and would not constitute hearsay.

Fisher's purported affidavit should be stricken and Fisher should remain, as he always has been, an agent of the Defendant, NADIF of Wyndholme, LLC. Indeed, although Fisher acted at all times relevant as an agent of WV I, LLC, one of the Defendants, there is no evidence that the relationship between WV I, LLC and NADIF of Wyndholme, LLC has been severed.

        Howard J. Schulman
        Schulman & Kaufman, LLC
        One Charles Center, Suite 600
        100 N. Charles Street
        Baltimore, Maryland 21201
        (410) 576-0400
        Attorneys for Plaintiffs and
        Counter-Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2003, a copy of Plaintiffs and Counter-Defendants' Reply Memorandum in Support of Motion to Strike Fisher Affidavit and Attachments Thereto from Paper No. 79 was mailed first-class, postage prepaid, to Stuart C. Fisher, 164 Seminole Avenue, Palm Beach, Florida 33480.

        Howard J. Schulman